THE STATE EX REL. LOPEZ, APPELLANT AND CROSS-APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT., ET AL.

[Cite as *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445.]

(No. 93–1599—Submitted March 29, 1994—Decided June 15, 1994.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Hahn, Swadey & Pollock* and *Victor Hahn,* for appellant and cross-appellee.

*Lee I. Fisher,* Attorney General, and *Gloria P. Castrodale,* Assistant Attorney General, for appellee and cross-appellant.

---

*Per Curiam.* Both parties contest the appellate court's decision to return the cause to the commission. Claimant apparently seeks a writ of mandamus to compel a permanent total disability award consistent with our decisions in *State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood* (1991), 60 Ohio St.3d 38, 573 N.E.2d 60, or *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. The commission wants the order upheld. For the reasons to follow, the appellate court judgment is affirmed.

Central to claimant's position is the removal of Dr. Katz's report from evidentiary consideration. We initially reject claimant's assertion that the commission's reliance on Katz's report violated due process. Even if the report proves to be irreparably flawed, reliance on an evidentially deficient report is not a constitutional infringement. Claimant, moreover, had every opportunity to

address any perceived flaw at the hearing. Having had this opportunity, no due-process violation occurred.

We also disagree with claimant's assertion that the length of Katz's medical examination renders his report inherently unreliable. This criticism essentially attacks the doctor's medical expertise and abilities—an inquiry we refuse to pursue.

Claimant also challenges Dr. Katz's understanding of claimant's job duties. A lack of awareness of previous duties is generally of little consequence in a permanent total determination, since the relevant issue is not the ability to return to the former job, but is instead claimant's capacity for any sustained remunerative work. In this case, however, recognition of previous duties is relevant, since the commission premised its decision on Katz's statement that claimant could resume his previous job. This, in turn, necessarily influenced the weight given to claimant's nonmedical disability factors.

We find claimant's position to be unpersuasive. The commission forwarded a detailed job description to Katz. That the description was the employer's and not claimant's is immaterial, as both descriptions attest to the heavy nature of claimant's foundry job. Katz was, therefore, adequately apprised of claimant's former duties.

Claimant argues that the "equivocal" nature of Katz's report bars its consideration under *State ex rel. Paragon v. Indus. Comm.* (1983), 5 Ohio St.3d 72, 5 OBR 127, 448 N.E.2d 1372. We disagree with the characterization of Katz's report as "equivocal." The disputed report by Dr. Cullin in *Paragon* alternately stated that claimant could and could not work. Katz, on the other hand, offers only one opinion on claimant's ability to work.

Katz's report, however, while unequivocal, is so internally inconsistent that it cannot be "some evidence" supporting the commission's decision. Despite "normal" physical findings, Katz assessed a high (fifty percent) degree of impairment. He then, however, concluded that claimant could perform heavy foundry labor. Being unable to reconcile these seeming contradictions, we find that the report is not "some evidence" on which to predicate a denial of permanent total disability compensation.

Contrary to claimant's suggestion, however, the removal of Katz's report from evidentiary consideration does not compel an award of permanent total disability compensation, since the only remaining medical evidence—Dr. Seltzer's report—is also severely flawed. Seltzer's opinion is grounded on a myriad of nonallowed conditions. His reference to the allowed condition is followed by references to "[d]egenerative arthritis of the hands, back, and legs. Chronic ulcers of the stomach and intestine"—all nonallowed health problems.

Seltzer's opinion also improperly strays beyond the bounds of impairment into that of disability. His conclusion is expressly based, in part, on claimant's "additional history," which consists of Seltzer's discussion of claimant's nonmedical disability factors. Thus, like Dr. Katz's report, Seltzer's narrative lacks an opinion as to the amount of physical impairment alone that is attributable to claimant's allowed conditions. Relief consistent with *Haygood* or *Gay, supra,* is, therefore, inappropriate.

Equally untenable is affirmation of the commission's order. While the flaws in Seltzer's report eliminate the possibility that such report *alone* could sustain a permanent total disability award, the report suggests the possibility of some degree of impairment attributable to the allowed conditions which could combine with claimant's nonmedical disability factors to produce permanent total disability. *State ex rel. LTV Steel Co. v. Indus. Comm.* (1992), 65 Ohio St.3d 22, 599 N.E.2d 265, cannot, therefore, serve as a basis on which to uphold the order.

Moreover, even if the commission's order did reference medical evidence recognizing some degree of allowable impairment, its explanation as to how that impairment combined with claimant's nonmedical profile to produce an employable claimant falls short of *Noll, supra.* Once again, the commission has failed to explain how the vocationally unfavorable factors that it cites support a conclusion that claimant can work. A return for further consideration and amended order is, therefore, appropriate.

For the reasons cited above, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT and PFEIFER, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. The facts in this case clearly indicate that there is a substantial likelihood that claimant is permanently and totally disabled. Pursuant to *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666, benefits should be awarded. It serves no purpose to return this cause to the commission pursuant to *Noll.*

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.