THE STATE EX REL. BEIBER, APPELLEE, *v.* METCO WELDING
COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Beiber v. Metco Welding
Co.* (1996), 77 Ohio St.3d 1.]

(No. 94–2224—Submitted September 6, 1996—Decided October 23, 1996.)

*John R. Workman,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Dennis L. Hufstader,* Assistant Attorney General, for appellant.

*Per Curiam.* The commission contests the return of this cause for further consideration and amended order. Upon review, we affirm the appellate court's judgment.

We are initially troubled by the implication that claimant sustained a relatively minor injury. The citation to claimant's conservative course of treatment, in this instance and without more explanation, does not substantiate this conclusion. While conservative treatment can indeed suggest a minor injury, when that treatment, as here, is preceded by two surgeries that did not resolve claimant's complaints, that treatment, standing alone, may not accurately reflect the severity of the claimant's conditions.

We have similar difficulty with the commission's characterization of a fifty-nine percent impairment as being "low to moderate." We note that in *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 449, 633 N.E.2d 528, 531, we viewed a fifty percent impairment as high. The record also does not support the conclusion that claimant's impairment "does not significantly reduce his functional capacity to engage in work activity." To the contrary, his allowed conditions prohibit medium exertion work and, according to some examiners, limit claimant to even lighter work.

A second problem with the commission's order arises from its ambiguous discussion of claimant's residual work capacities. Drs. Fallon and Holbrook reached different conclusions. The former seemingly released claimant to light duty work. Dr. Holbrook was more restrictive, confining claimant to sedentary employment.

At various points, the commission's order can be read as accepting or rejecting Holbrook's report and as accepting or rejecting Fallon's report. If the commission indeed accepted Holbrook's sedentary restrictions, that finding may be inconsistent with its determination that claimant could resume his inspection duties, a job that has not been classified as sedentary. The commission must therefore clarify the type of work which it finds claimant medically capable of doing.

For these reasons, we affirm the judgment of the court of appeals and issue a limited writ that returns the cause to the commission for further consideration and amended order.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

STRATTON, J., dissents.

STRATTON, J., dissenting. I respectfully dissent from the majority opinion. This case involves a claimant who, to his credit, overcame a disability, retrained, and reentered the job market. He now seeks total permanent disability compensation again.

After carefully reviewing all the medical and non-medical factors, the commission denied the claimant total permanent disability compensation. The reports of the examining physicians sometimes differ but mostly agree. There are some matters in conflict. However, all the doctors' reports cited by the commission agree that the claimant is capable of "some employment." The commission evaluated these reports and factors, assessed disability, stated its conclusions and explained them. The decision of the commission is clearly supported by "some evidence." To reject its findings is to improperly substitute our judgment for the decision of the commission.

The commission's order does not make light of claimant's impairment, as the majority suggests, but rather concludes that the 55–59 percent impairment, coupled with the positive factors of his age, job skills, retraining, and others, is not sufficient to consider him *totally* disabled. The commission's order *is* clear that the claimant can engage in "sustained remunerative employment" of a sedentary nature. The commission does not have to provide a list of specific employment opportunities to fulfill its task.

Accordingly, I would reverse the court of appeals and find no abuse of discretion by the commission.