[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 1.]

THE STATE EX REL. BEIBER, APPELLEE, *v.* METCO WELDING COMPANY;

INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Beiber v. Metco Welding Co.*, 1996-Ohio-195.]

*Workers' compensation—Industrial Commission abuses its discretion in denying application for permanent total disability compensation, when.*

(No. 94-2224—Submitted September 6, 1996—Decided October 23, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD10-1414.

————————————

{¶ 1} Appellee-claimant, Robert E. Beiber, was injured in 1971 in the course of and arising from his employment as a welder with Metco Welding Company. A workers' compensation claim was allowed for "intervertebral disc compression of the 5th lumbar disc with spondylosis and psycho-neurotic fixation." Claimant underwent unsuccessful surgery in 1971 and 1972, and in 1975, appellant, Industrial Commission of Ohio, declared claimant to be permanently and totally disabled.

{¶ 2} Several years later, claimant, hoping to return to the work force, contacted a rehabilitation program and was admitted. Claimant underwent training to become a welding inspector and, in May 1983, obtained a job in that field. Permanent total disability compensation was terminated at that time.

{¶ 3} Claimant worked as a welding inspector until November 1986, when back and leg pain forced him to discontinue his job. In 1987, claimant reapplied for permanent total disability compensation. For reasons unknown, the commission did not hear his application until September 1992.

{¶ 4} Several medical reports were before the commission at that hearing. Dr. Robert L. Turton examined claimant's allowed psychiatric condition, and assessed a fifteen percent permanent partial impairment. Dr. Turton also found

claimant able to return to his former position of employment. Dr. Timothy J. Fallon, who examined claimant's allowed physical conditions, reported:

"In summary then this is an individual who has undergone a fusion procedure and then had to have a re-do of the fusion with removal of the portion of the hardware in 1972. He was able to continual [*sic*] with various working activities for a period of time. He has been involved in a rehabilitation program and was working as a welding inspector for 3 years which is the light type of duty. It would appear that he would remain capable of carrying that work activity out. Given the condition that he has at this point and [*sic*] time[,] it is one which is stabilized and maximally medically improved and represents a 55% permanent partial impairment at this time. He could continual [*sic*] to work as a welding inspector."

{¶ 5} Dr. Walter A. Holbrook performed a combined effects review and calculated a fifty-nine percent permanent partial impairment. He stated that claimant could not perform his welding duties, but could do sedentary work.

{¶ 6} The commission denied permanent total disability compensation, writing:

"*** This order is based particularly upon the reports of Drs. Fallon, Turton and Holbrook, and the evidence in the file ***.

"The claimant is 50 years old, possesses a high school education with special training in welding and a work history as a welder and weld[ing] inspector. The medical evidence found persuasive include[s] the recent reports of Commission specialist[s] Drs. Fallon, Turton and Holbrook. In his 9-23-92 report, Commission specialist Dr. Fallon assessed the claimant's physical allowances [as] represent[ing] a 55% permanent partial impairment. Dr. Fallon further indicates that the claimant remains physically capable of engaging in his previous position of employment as a welding inspector which is a light type of employment. In his 9-22-92 [*sic*, 9-23-92] report, Commission psychiatrist Dr. Turton rated the claimant's residual psychiatric impairment at 15% and opined that this psychiatric

allowance does not restrict the claimant from resuming his prior duties and responsibilities as a weld[ing] inspector. The combined effects review of Dr. Holbrook finds the claimant to demonstrate a 59% overall impairment and indicates that the claimant retains the residual functional capacity to engage in low stress sedentary work. It is noted that the claimant underwent back surgery in 1971 and 1972, but his course of treatment for the past 20 years has been exclusively conservative in nature. Thus, the medical evidence indicates the claimant demonstrates a low to moderate physical and psychiatric impairment which does not significantly reduce his functional capacity to engage in work activity. Furthermore, finding the medical reports of Drs. Turton and Fallon persuasive, the Commission determines that the medical evidence supports a finding that the claimant is physically and mentally capable of resuming his former position of employment and, as such, is not entitled to permanent total disability benefits. However, were the claimant limited to solely low stress sedentary work as is suggested by the combined effects review of Dr. Holbrook, the consideration of his non-medical disability factors results in the conclusion that he is vocationally qualified to obtain and/or be trained for this type of work. This determination is based upon a consideration of the claimant's work experience as a weld[ing] inspector which suggests that he possible [*sic*] has some work skills transferable to sedentary work. Furthermore, the claimant's relatively young age and high school education indicate that he possesses the qualifications and intellectual capacity to be successfully re-trained and re-employed in low stress sedentary work. Therefore, determining that the claimant is both medically and vocationally capable of engaging in some sustained remunerative employment, the Commission denies his Application for Permanent Total Disability."

{¶ 7} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him permanent total disability compensation. The appellate court held that the

commission order did not adequately explain its findings and returned the cause to the commission for further consideration and amended order pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245.

{¶ 8} This cause is now before this court upon an appeal as of right.

_____

*John R. Workman*, for appellee.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellant.

_____

***Per Curiam.***

{¶ 9} The commission contests the return of this cause for further consideration and amended order. Upon review, we affirm the appellate court's judgment.

{¶ 10} We are initially troubled by the implication that claimant sustained a relatively minor injury. The citation to claimant's conservative course of treatment, in this instance and without more explanation, does not substantiate this conclusion. While conservative treatment can indeed suggest a minor injury, when that treatment, as here, is preceded by two surgeries that did not resolve claimant's complaints, that treatment, standing alone, may not accurately reflect the severity of the claimant's conditions.

{¶ 11} We have similar difficulty with the commission's characterization of a fifty-nine percent impairment as being "low to moderate." We note that in *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 449, 633 N.E.2d 528, 531, we viewed a fifty percent impairment as high. The record also does not support the conclusion that claimant's impairment "does not significantly reduce his functional capacity to engage in work activity." To the contrary, his allowed conditions prohibit medium exertion work and, according to some examiners, limit claimant to even lighter work.

**{¶ 12}** A second problem with the commission's order arises from its ambiguous discussion of claimant's residual work capacities. Drs. Fallon and Holbrook reached different conclusions. The former seemingly released claimant to light duty work. Dr. Holbrook was more restrictive, confining claimant to sedentary employment.

**{¶ 13}** At various points, the commission's order can be read as accepting or rejecting Holbrook's report and as accepting or rejecting Fallon's report. If the commission indeed accepted Holbrook's sedentary restrictions, that finding may be inconsistent with its determination that claimant could resume his inspection duties, a job that has not been classified as sedentary. The commission must therefore clarify the type of work which it finds claimant medically capable of doing.

**{¶ 14}** For these reasons, we affirm the judgment of the court of appeals and issue a limited writ that returns the cause to the commission for further consideration and amended order.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

STRATTON, J., dissents.

_____

**STRATTON, J., dissenting.**

**{¶ 15}** I respectfully dissent from the majority opinion. This case involves a claimant who, to his credit, overcame a disability, retrained, and reentered the job market. He now seeks total permanent disability compensation again.

**{¶ 16}** After carefully reviewing all the medical and non-medical factors, the commission denied the claimant total permanent disability compensation. The reports of the examining physicians sometimes differ but mostly agree. There are some matters in conflict. However, all the doctors' reports cited by the commission agree that the claimant is capable of "some employment." The commission

evaluated these reports and factors, assessed disability, stated its conclusions and explained them.  The decision of the commission is clearly supported by "some evidence."  To reject its findings is to improperly substitute our judgment for the decision of the commission.

{¶ 17} The commission's order does not make light of claimant's impairment, as the majority suggests, but rather concludes that the 55-59 percent impairment, coupled with the positive factors of his age, job skills, retraining, and others, is not sufficient to consider him totally disabled.  The commission's order is clear that the claimant can engage in "sustained remunerative employment" of a sedentary nature. The commission does not have to provide a list of specific employment opportunities to fulfill its task.

{¶ 18} Accordingly, I would reverse the court of appeals and find no abuse of discretion by the commission.

————————————