IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
Jack Stewart filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability compensation, and which compels the commission to enter a new order based upon the information in the file exclusive of the report of Donald Brown, M.D.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we deny the requested writ.
Counsel for Mr. Stewart has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
The problem alleged for Dr. Brown's report centers in his overall conclusions, set forth in his report under "OPINION":
 "In my opinion, Mr. Stewart's previously allowed depressive disorder would not prevent him from returning to his former position of employment nor from engaging in sustained remunerative work activity. I do not think it would cause him any functional limitations. Utilizing the AMA Guidelines, I would rate his level of impairment with respect to his condition at 20-25%."
Counsel for Mr. Stewart alleges that a person cannot both be twenty to twenty-five percent impaired from a depressive disorder and still have no functional limitations, as reported by Dr. Brown. Thus, counsel compares this report to the fatally defective report in State ex rel. Lopez v. Indus. Comm. (1994),69 Ohio St.3d 445, in which a physician assessed a fifty percent impairment and then found a claimant could return to heavy labor in a foundry.
At the same time as he found a twenty to twenty-five percent impairment, Dr. Brown also noted:
 "* * * There is no evidence of a thought disorder nor history of hallucinations or delusions. His affectual responses are consistent with content of thought in the normal range. There are only very mild indications of depression and no affective indications of anxiety. * * *"
While the twenty to twenty-five percent impairment seems high, given the level of Mr. Stewart's functioning, we cannot say that the rating makes Dr. Brown's report fatally defective. Given the finding of "no functional limitation," the report also addresses the key question of whether Mr. Stewart can acquire the skills necessary for new employment.
As a result, we overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision and deny the requested writ of mandamus.
Objections overruled; writ denied.
LAZARUS, P.J., and PETREE, J., concur.