The State ex rel. Blanton, Appellant, *v.* Industrial
Commission of Ohio et al., Appellees.

[Cite as *State ex rel. Blanton v. Indus. Comm.*,
99 Ohio St.3d 238, 2003-Ohio-3271.]

(No. 2002–1626—Submitted April 29, 2003—Decided July 16, 2003.)

**Per Curiam.**

{¶ 1} On May 17, 1998, appellant-claimant, Patricia E. Blanton, tripped over a floor mat at work and strained her lower back. A workers' compensation claim was allowed for that condition. Claimant was treated on May 21 and May 28 by a chiropractor, Gregory A. Flerchinger. She had no further treatment and missed no time from work.

{¶ 2} On January 30 or 31, 1999, claimant was bending over to retrieve house slippers when she experienced severe low back pain. She returned to Dr. Flerchinger complaining of pain-induced nausea and an inability to stand straight or raise her head.

{¶ 3} Claimant sought to have her treatment arising therefrom paid for in her workers' compensation claim. Her employer, appellee Calmar, Inc., objected:

{¶ 4} "We are unable to accept this as a workers' compensation claim for the following reasons:

{¶ 5} "1. The most recent injury occurred while you were at home.

{¶ 6} "2. The May 1998 incident apparently required only two treatments, immediately following this. One would have to assume that this problem, as slight as it appears, was resolved.

{¶ 7} "3. The most recent incident would be unrelated."

{¶ 8} Dr. Flerchinger responded on March 30, 1999:

{¶ 9} "Ms. Blanton first consulted our office on 5–21–98 complaining of low back pain of a constant, pinching sensation. * * *

{¶ 10} "Past history is negative for trauma as noted by the patient.

{¶ 11} "* * *

{¶ 12} "X-rays of the lumbar spine note disc degeneration at the L4–L5, L5–S1 levels with osteoarthritis at the L4–L5 levels.

{¶ 13} "Patient was seen 5–21–98 [and] 5–29–98 and failed to complete initial treatment plan.

{¶ 14} "On 2–1–99, this patient reported bending over to put her slippers on when she again felt a sharp pain in her low back. Physical exam again noted restricted ranges of motion, inability to perform bilateral Straight Leg Raiser, (+) Lasegue's, (+) Braggard's. See attached examination forms.

{¶ 15} "DISCUSSION: Due to the fact that this individual has not had other known traumas or accidents know[n] to me, I believe, with reasonable medical certainty, that the low back pain which occurred on January 30th is in fact a re-aggravation of the original injury which occurred 5–17–98. Factors predisposing this are: 1) No prior history of low back pain, 2) Incompletion of care initiated in May of 1998, 3) As a complicating factor, disc degeneration at L4–L5, L5–S1 and osteoarthritis."

{¶ 16} A district hearing officer for appellee Industrial Commission of Ohio denied claimant's request as well:

{¶ 17} "Fee bills for treatment rendered by Dr. Flerchinger from 02/01/1999 to present are denied as not causally related to the 05/17/1998 industrial injury. When the industrial injury occurred on 05/17/1998, the claimant had only two (2) treatments from Dr. Flerchinger on 05/21/1998 and 05/28/1998. She missed no time from work. Then on 02/01/1999, she sought further treatment from Dr. Flerchinger. The occasion that the claimant sought further treatment was that she reinjured her back while at home, bending over to put on her slippers. At that point, she sought ongoing continuous treatment * * *. The District Hearing Officer finds the incident at home * * * to be an intervening and superseding incident to the one in which she tripped on a rug walking to her office. Therefore, the District Hearing Officer denies the payment of treatment from 02/01/1999 to present as not causally related to the 05/17/1998 industrial injury * * *.

{¶ 18} "* * *

{¶ 19} "The claimant has not met her burden of proof that her need for further treatment arose out of the 05/17/1998 industrial injury."

{¶ 20} That order was administratively affirmed.

{¶ 21} Claimant turned to the Court of Appeals for Franklin County, request-ing a writ of mandamus ordering the commission to approve her claim for medical bills for the second injury. That court found that the commission did not abuse its discretion in finding that the claimant had not proved a causal relationship between her industrial injury and her renewed back complaints. The court held that Flerchinger's report was not evidence of the causal relationship, because it relied on nonallowed conditions. The dissent criticized that reasoning, stating that Flerchinger's report was evidence supporting claimant's position despite mention of other conditions.

{¶ 22} This cause is now before this court on appeal as of right.

{¶ 23} Claimant muddies what is really a simple, single issue by injecting tort principles, rhetorical queries, and a shift of the burden of proof. Her efforts, however, do not change a key tenet: it is claimant's burden to prove that

treatment on and after February 1, 1999, was causally related to her industrial injury. To do so, she submitted Dr. Flerchinger's March 30, 1999 report. Although the doctor mentioned in this report nonallowed conditions as "a complicating factor," he unequivocally stated that the second injury was an aggravation of the first and stated his reasons. Therefore the court of appeals was wrong in holding that the report could not be considered as evidence supporting the claim. The doctor's mention of complicating factors was evidence that could support a different conclusion, but it did not make his report so internally inconsistent that it could have no evidentiary value. Cf. *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 633 N.E.2d 528. The commission properly considered the report but simply rejected its conclusion based on the commission's own view of the circumstances of the injuries. Our sole issue, therefore, is whether that finding is an abuse of discretion. We find that it is not.

{¶ 24} The commission is the sole evaluator of the evidence before it. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Here, the commission's decision hinged on two things: claimant's prior medical history and Dr. Flerchinger's reference to a specific precipitating incident in late January 1999. As to the former, claimant's industrial injury occurred on May 17, 1998. She had only two treatments—four and eleven days after the injury—and sought no further medical attention. She also missed no time from work. From this, the commission could logically conclude that claimant's lumbar sprain and strain had timely healed.

{¶ 25} This conclusion, in turn, ties into the second factor noted above. Claimant's renewed back pain can be linked to an identifiable occurrence after the industrial injury. Claimant questions how the mere act of bending over could bring on back pain unless something else was wrong beforehand. That something else, however, is not necessarily the claimant's industrial injury. Twice Dr. Flerchinger referred to "disc degeneration at the L4–L5, L5–S1 levels with osteoarthritis at the L4–L5 levels," and on page two of his report, he specifically lists those conditions as "a complicating factor." Neither of those conditions is allowed in the claim. While the mention of these conditions did not disqualify the report from consideration, it did give the commission reason to question the report's conclusion.

{¶ 26} Dr. Flerchinger indeed characterizes the January 1999 onset of pain as a reaggravation of her industrial injury, and, as claimant argues, this is some evidence of causal relationship. The existence of those elements listed above, however, ultimately defeats claimant's argument. The report discusses evidence capable of two interpretations, and, where that occurs, the commission does not

abuse its discretion in choosing one over the other. The commission did not abuse its discretion in finding that claimant did not sustain her burden.

{¶ 27} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

O'DONNELL, J., not participating.

———————————

Philip J. Fulton Law Office and William A. Thorman III, for appellant.

Jim Petro, Attorney General, and Dennis H. Behm, Assistant Attorney General, for appellee Industrial Commission.

Dinsmore & Shohl, L.L.P., and Michael L. Squillace, for appellee Calmar, Inc.