DECISION
{¶ 1} Relator, Orange Jones, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, the Industrial Commission of Ohio ("commission"), to vacate its order denying relator's request for temporary total disability ("TTD") compensation, and to issue an order granting said compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. On August 23, 2007, the *Page 2 
magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Relator has filed objections to the magistrate's decision, setting forth the same arguments previously raised before the magistrate. Specifically, relator contends that the commission cannot rely upon the May 19, 2006 medical report of Dr. Robert Byrnes to deny or terminate TTD because it contains multiple factual errors that were not corrected by a subsequent addendum report, and that Dr. Byrnes could not render an opinion as to whether relator was temporarily and totally disabled until May 19, 2006, the date of Dr. Byrnes' medical examination. The magistrate addressed those issues, finding that the report of Dr. Byrnes was not equivocal or internally inconsistent, and that the commission did not abuse its discretion in relying upon the physician's opinion that relator's allowed medical condition was not work prohibitive.
 {¶ 4} Upon review, we agree with the magistrate's reasoning and analysis in finding that the commission did not abuse its discretion in relying upon Dr. Byrnes' report, and in denying the requested TTD compensation. Following an examination of the magistrate's decision, as well as an independent review of the record, we overrule relator's objections to the magistrate's decision, finding that the magistrate sufficiently discussed and determined the issues raised by relator. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and deny relator's request for a writ of mandamus.
Objections overruled; writ denied. FRENCH and
 McGRATH, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS {¶ 5} Relator, Orange Jones, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's request for temporary total disability ("TTD") compensation and ordering the commission to find that she is entitled to that compensation. *Page 5 
Findings of Fact: {¶ 6} 1. Relator sustained a work-related injury on December 12, 2002 when she slipped on ice and fell while at work. Relator's claim has been allowed for the following conditions: "contusion of right elbow; contusion of left knee and contusion of right shoulder and sprain of lumbar region, brief depressive reaction; right rotator cuff tear, bilateral pneumonia."
 {¶ 7} 2. Relator was able to return to work in some capacity until November 16, 2004 when she was hospitalized for significant nonworkers' compensation conditions.
 {¶ 8} 3. Respondent Bellefaire ("employer") paid relator sick leave through April 2005.
 {¶ 9} 4. In August 2005, relator filed a motion seeking TTD compensation due to the psychological condition which had been allowed in her claim in September 2004. Relator submitted a C-84 from Donald J. Weinstein, Ph.D., dated November 30, 2005. Dr. Weinstein certified that relator was temporarily and totally disabled from June 4, 2004, the date of his initial diagnosis, through an estimated return-to-work date of February 28, 2006. Relator reduced the period of requested disability compensation from July 21, 2005 to an estimated return-to-work date of February 8, 2006 and continuing. Relator also attached various office notes from Dr. Weinstein with dates including July 21, August 11, August 26, September 9, November 26, December 8, 2005 and January 12, 2006.
 {¶ 10} 5. Relator was referred to Robert L. Byrnes, Ph.D., for a psychological examination. At the outset of his May 19, 2006 report, Dr. Byrnes noted that relator was not a good historian, but that she was cooperative during the examination. Following his interview and examination, Dr. Byrnes noted: *Page 6 
 Ms. Jones is a 67-year old woman who reports a significant history of work injury, ongoing pain, physical impairment and some mental health complaints. She denies any history of mental health problems prior to injury. Post injury Ms. Jones was diagnosed with 309.0 Adjustment Disorder with Depressed Mood (Brief Depressive Reaction). This disorder is often mild and by definition usually resolves within six months after the termination of stress. After this mental condition was allowed Ms. Jones received mental health treatment in the form of counseling (she was also tried on anti-depressant medications but these were discontinued because of side effects). Ms. Jones depression was described as mild by Dr. Tosi on 08/27/04 and he opined that her depression was not work prohibitive. On 05/23/05 Dr. Koricki opined that Ms. Jones was 15% WPI. After Dr. Koricki's report Ms. Jones became seriously ill in 2005 and spent four months in the hospital. Not surprisingly Ms. Jones found this very stressful. At the same time she developed financial problems that became worse and two family members died. These events, unrelated to her work injury, interfered with her continuing recovery.
 Afterwards she said that she was more depressed. She plans to continue counseling, although she has not gone for six weeks.
 {¶ 11} Dr. Byrnes concluded that relator did have an adjustment disorder with depressed mood and he noted certain psychological stressors including physical and vocational concerns and financial problems. Thereafter, Dr. Byrnes opined:
 Based on the findings of the history and examination, it is my opinion that the available evidence does not support temporary total compensation from 07/21/05 through 02/28/06 and to continue. I found no evidence prior to 07/21/05 to suggest that Ms. Jones allowed mental condition (Brief Depressive Reaction) was ever work prohibitive and in fact, during the Summer of 2005 she was working on a part-time basis for her employer, Bellefaire. At that time the history suggests that her Brief Depressive Reaction was resolving as Adjustment Disorders usually do. Ms. Jones left work in the Summer of 2005 because of a serious medical condition unrelated to her work injury and has not felt able to return to work since. During part of the requested time for *Page 7 
temporary total compensation she was in the hospital on a respirator for non-work related medical problems.
 In my opinion Ms. Jones is not prevented from returning to sustained remunerative employment based upon her allowed mental condition, 309.0 Brief Depressive Reaction.
 {¶ 12} 6. In the report of Dr. Byrnes, he referenced the August 27, 2004 report of Donald J. Tosi, Ph.D., who had evaluated relator at the request of the Ohio Bureau of Workers' Compensation. Dr. Tosi had noted that, at the time he examined her, relator was employed four hours a day, and that she did suffer from an adjustment disorder with depressed mood, which was mild. He further opined that this condition was not work-prohibitive and noted that relator was expected to recover within three to six months.
 {¶ 13} 7. Because of certain factual discrepancies in Dr. Byrnes' report, he was asked to prepare an addendum. In that addendum, dated August 1, 2006, Dr. Byrnes stated:
 Following the submission of a Psychology Report from the examination on Orange Jones which took place on 05/19/06, I was asked whether there were discrepancies between dates which appeared in the Past Medical History section of the report and in the Opinion section.
 After reviewing the report, I believe that any apparent discrepancies in the report reflect the fact that Ms. Jones and Bellefaire provided different dates for when the examinee last worked, when she was ill with blood clots and later when she was hospitalized for pancreatitis. The following reflects my best understanding of the history.
 Ms. Jones said that she last worked in the Summer of 2005. She stated that she left work at that time because she was hospitalized with pancreatitis and that she has not felt able to return to work since.
 Her employer believes that Ms. Jones last worked on 11/16/04 and that she left work at that time because of blood *Page 8 
clots (a medical condition not allowed in her claim). Her employer reports that she was hospitalized for pancreatitis between 01/06/05 and 04/01/05.
 Based upon the history and examination, including information that was provided to me by different parties, it is still my opinion that to a reasonable degree of medical probability, Ms. Jones allowed mental condition (Brief Depressive Reaction) was never work prohibitive. It is my opinion that the available evidence does not support temporary total compensation, because of her allowed mental condition from 07/21/05 through 02/28/06 and to continue.
 My statement in the Psychology Report that "during part of the requested time for temporary total compensation she was in fact, in the hospital, on a respirator, for non-work related medical problems" was based upon information provided to me by Ms. Jones.
 {¶ 14} 8. Relator's application for TTD compensation was heard before a district hearing officer ("DHO") on August 14, 2006 and was granted. The DHO relied upon reports from Dr. Weinstein dated February 23 and May 23, 2006, the July 27, 2005 C-9 of Dr. Weinstein, relator's testimony and certain paperwork and evidence.
 {¶ 15} 9. The employer appealed and the matter was heard before a staff hearing officer ("SHO") on November 28, 2006. The SHO vacated the prior DHO order and denied relator's request for TTD compensation:
 The Staff Hearing Officer finds that the C-86 filed 02/08/2006, is denied. The request for payment of temporary total compensation for the period of 07/21/2005 through 06/19/2006, is denied. This finding is based on the 05/19/2006 and 08/01/2006 reports of Dr. Robert Byrnes. It is the opinion of Dr. Byrnes that the injured worker's inability to work during the period cited above was not the result of the allowed brief depressive reaction. This finding is also based on the 08/27/2004 report of Dr. Donald Tosi. The report of Dr. Tosi was relied upon by the Administrator in allowing the condition of brief depressive reaction. In his *Page 9 
report Dr. Tosi stated that the condition of brief depressive reaction was not work prohibitive. The Staff Hearing Officer finds it is not necessary to address the issue of whether or not the injured worker abandoned her former position of employment.
 {¶ 16} 10. Relator appealed asserting that the report of Dr. Byrnes could not be relied upon as that report contains factual errors. Further, relator argued that because she had filed for service-related retirement on June 19, 2006, the August 1, 2006 addendum report with corrections was moot.
 {¶ 17} 11. By order mailed December 22, 2006, the commission refused relator's appeal.
 {¶ 18} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165. *Page 10 
 {¶ 20} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. State ex rel.Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630. The receipt of TTD compensation is premised on a claimant's inability to return to his or her former job as a direct result of an industrial injury. The burden to prove entitlement to TTD compensation is on the claimant. State ex rel.Yellow Freight Sys., Inc. v. Indus. Comm. (1998), 81 Ohio St.3d 56.
 {¶ 21} In the present case, relator contends that the commission abused its discretion by relying on the report of Dr. Byrnes. Relator contends that the report of Dr. Byrnes is legally deficient as it contains multiple mistakes of fact which were not corrected in his August 2006 addendum. Relator further contends that Dr. Byrnes' opinion that the medical evidence in the record does not support the payment of TTD compensation beginning July 2005 is a legal conclusion and not a medical one. Further, relator contends that Dr. Byrnes could not render an opinion on the issue of whether she was temporarily and totally disabled until May 19, 2006, the date of his report, because examining physicians are precluded from rendering opinions on the extent of disability for a period prior to the examination.
 {¶ 22} For the reasons that follow, the magistrate finds that relator's arguments are not well-taken and that relator has not demonstrated that the commission abused its discretion in denying her TTD compensation.
 {¶ 23} It is undisputed that the commission may not rely on equivocal medical reports and, further, that the commission must reject any report that, while unequivocal, is so internally inconsistent that its contradiction cannot be reconciled. See State ex rel. *Page 11 Eberhardt v. Flxible Corp. (1994), 70 Ohio St.3d 649, and State ex rel.Lopez v. Indus. Comm. (1994), 69 Ohio St.3d 445. However, the alleged error must concern an issue which is relevant to the commission's decision. Id.
 {¶ 24} In the present case, relator contends that the report of Dr. Byrnes cannot be relied upon because Dr. Byrnes' report was inaccurate concerning when relator was and was not working. This magistrate disagrees. In his August 2006 addendum, Dr. Byrnes explained that he essentially had information indicating three different time periods in which relator had last worked. Relator verbally provided one date, the hospital records indicated a different date, and the employer indicated yet another date. However, although Dr. Byrnes noted the fact that relator was working during the requested period of TTD compensation in his May 2006 report, in the addendum he indicated that this misstatement of fact was not critical. Specifically, Dr. Byrnes stated that, after reviewing the medical evidence and examining relator personally, the allowed psychological condition had never been work-prohibitive and that the medical evidence which relator submitted did not convince him otherwise.
 {¶ 25} Contrary to relator's assertions, the magistrate finds that the report of Dr. Byrnes was not equivocal nor was it internally inconsistent. As such, the report of Dr. Byrnes did constitute some evidence upon which the commission could rely.
 {¶ 26} Further, relator contends that Dr. Byrnes' report cannot be applied to her until May 2006, and that the commission must award her TTD compensation for the period of time prior to May 2006 because all of the evidence in the record which she submitted establishes that she is entitled to that compensation. This magistrate disagrees. Relator bears the burden of establishing her entitlement to TTD compensation *Page 12 
and, even if there had not been contradictory evidence in the record, the commission would have been within its discretion to review the medical evidence submitted by relator and determine that evidence was not sufficient to establish her entitlement to the requested compensation. The commission determines the credibility and weight to be given evidence and the commission does not abuse its discretion when it finds that the evidence submitted by a claimant is not sufficient to support a requested period of compensation.
 {¶ 27} In the present case, the evidence establishes that relator was able to work in spite of the psychological condition until such time as she was hospitalized for medical conditions wholly unrelated to a workers' compensation claim. Further, as noted in the report of Dr. Byrnes, following this extended period of hospitalization, relator had numerous concerns and an increased inability to care for herself. To the extent that nonallowed medical conditions impacted on relator's allowed psychological condition, that impact was not related to relator's work-related injury. That is the opinion that Dr. Byrnes provided — that relator's allowed psychological condition caused by the December 12, 2002 injury was not currently disabling relator. Contrary to relator's assertions, Dr. Byrnes was qualified to render this opinion and the commission did not abuse its discretion in relying upon that report and in finding that the evidence that relator submitted was not sufficient to support a finding that she was entitled to the requested compensation.
 {¶ 28} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion by denying relator TTD compensation and this court should deny relator's request for a writ of mandamus. *Page 1