THE STATE EX REL. KESTLER, APPELLANT, *v.* WELLNESS CENTER HEALTH

ASSOCIATES, L.L.C. ET AL., APPELLEES.

[Cite as *State ex rel. Kestler v. Wellness Ctr. Health Assoc., L.L.C.*,

122 Ohio St.3d 131, 2009-Ohio-2624.]

*Workers' compensation — Temporary total disability compensation — Commission's reliance on report with two inconsistent conclusions is error when commission does not clarify which of two conclusions it adopted to deny compensation — Cause returned to commission for further consideration and clarification.*

(No. 2008-0211 — Submitted April 4, 2009 — Decided June 11, 2009.)

APPEAL from the Court of Appeals for Franklin County,

No. 07AP-56, 2007-Ohio-7012.

_____

**Per Curiam**.

**{¶ 1}** Appellant, Kristen M. Kestler, injured her back while working as a physical therapist for Dr. Brian Nobbs and was paid temporary total disability compensation from October 7, 2004, through October 1, 2005. She returned to her job on October 3, 2005, but worked for only a few days before her allowed conditions allegedly prevented her from continuing. Her request for temporary total disability compensation for that period is now at issue.

**{¶ 2}** Dr. Nobbs certified that due to her allowed conditions, Kestler had been unable to return to her former position of employment from October 11, 2005 through an estimated return date of February 28, 2006. But a November 3, 2005 office note from Dr. Earl Scheidler suggested a different reason why Kestler was not working:

**{¶ 3}** "I have encouraged her that I feel like her getting back into work would be appropriate and, in my opinion and hers, as we discuss it, she feels that she could go back to work only she has no one to watch the baby."

**{¶ 4}** At the request of appellee Industrial Commission of Ohio, Dr. Douglas C. Gula examined Kestler on March 8, 2006. He believed that Kestler was at maximum medical improvement ("MMI"), but offered contradictory opinions as to whether further diagnostic testing was necessary. Dr. Gula also stated that Kestler was not temporarily totally disabled, but never specifically addressed whether she could return to her former job – the standard by which temporary total disability is measured. This is potentially significant because the restrictions that he imposed may be inconsistent with Kestler's physical-therapy duties:

**{¶ 5}** "I do believe the patient is capable of performing a light to sedentary type of occupation. I do not see any limitation with regards to function of the upper and lower extremities. She will alternate between sitting, standing and walking. * * * Restrictions of weight would be approximately 20 lbs. lifting and 10 lbs. carrying. She will only be able to utilize 20 lbs. from a push or pull standpoint. Otherwise, I do not believe there are any limitations as related to the upper extremity function.

**{¶ 6}** "* * *

**{¶ 7}** "I do believe the patient does indeed need an extensive course of rehabilitation. She is definitely in desperate need of a work conditioning and subsequently a work hardening program. Finally, a FCE [Functional Capacity Evaluation] should be performed in the end to determine the exact capabilities of the patient. I believe that a work condition-work hardening program is absolutely essential in order to allow the patient to return to gainful employment."

**{¶ 8}** A commission staff hearing officer denied temporary total disability compensation:

{¶ 9}   "[T]he injured worker was not temporarily and totally disabled as a result of the allowed conditions in the claim beginning on 10/11/2005. * * * [T]he Hearing Officer relies upon the opinion of Dr. Douglas Gula, set forth in a report dated 03/08/2006.  Dr. Gula opined that the medical evidence did not support the requested period of temporary total disability compensation.  There is no treatment note indicating the reason that the injured worker went off work on 10/11/2005.  The treatment notes in file from October and November 2005 indicate a notation from the physician that the injured worker 'feels that she can go back to work only she has no one to watch the baby.' "

{¶ 10} Further appeal was refused.

{¶ 11} Kestler filed a complaint in mandamus in the Court of Appeals for Franklin County.  The court upheld the commission's order and denied the writ, prompting this appeal as of right.

{¶ 12} The commission denied temporary total disability compensation based on Dr. Gula's March 8, 2006 report and Dr. Scheidler's office notes, particularly the November 3, 2005 entry.  We must determine whether the commission's order is supported by the evidence.

{¶ 13} Dr. Scheidler's November 3, 2005 notation suggested that Kestler should return to work and claimed that she said that she would do so but for her lack of child care.  Kestler, however, denies that child-care concerns prevented her return to her former position of employment and emphasizes that she reported to work on October 3 – just days prior to the disability period at issue — and babysitting was obviously not an issue then. She also maintains that any alleged child-care issues are irrelevant because she had no need for those services due to her medical inability to return to her former position.

{¶ 14} Kestler asserts that Dr. Scheidler's office notes do not establish that she could medically resume her former duties, and we agree that his notes are vague. Scheidler never stated that Kestler was medically able to return to her

former job as a physical therapist.  He stated only that Kestler would benefit from a return to some unspecified "work."  Dr. Scheidler's notes also record the continued presence of the symptoms that previously rendered her unable to return to her former job. He reported chronic back pain, paraspinal spasm, and extreme tenderness on palpation. Dr. Scheidler continued her pain medication, recommended regular use of her TENS unit, and indicated that epidural injections may be appropriate. We do not, therefore, find that Dr. Scheidler's notes support the conclusion that Kestler was medically able to return to her former job after October 11, 2005.

{¶ 15} The commission also relied on Dr. Gula's March 8, 2006 report. Dr. Gula concluded that Kestler (1) had reached MMI and (2) was not temporarily totally disabled.  The commission, however, did not indicate which of these conclusions it adopted.  This is problematic because although conclusion (2) suggests that Kestler could return to her former job, Dr. Gula's report contains physical restrictions that might be inconsistent with her job duties and hence may be too internally inconsistent in that regard to withstand scrutiny under *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 449, 633 N.E.2d 528 (when report's internal inconsistencies cannot be reconciled, report cannot qualify as "some evidence" supporting commission's decision).  Dr. Gula's MMI conclusion, on the other hand, appears less ambiguous and may be sufficient to support the denial of temporary total compensation.  The commission must clarify which of Dr. Gula's conclusions it was relying on to deny compensation.

{¶ 16} We accordingly reverse the judgment of the court of appeals and return the cause to the commission for further consideration and an amended order.

Judgment reversed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

James A. Whittaker, L.L.C., James A. Whittaker, and Laura I. Murphy, for appellant.

Richard Cordray, Attorney General, and Elise Porter, Deputy Solicitor, for appellee.

_____