DECISION IN MANDAMUS ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Harry Boone, filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("the commission") to vacate its order denying relator's application for permanent total disability ("PTD") compensation, and to enter an order granting such compensation. Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On November 23, 2004, the magistrate rendered a decision, including findings of fact and conclusions of law, and therein recommended that this court deny the writ. (Attached as Appendix A.) Relator timely filed objections to the magistrate's decision, which are now before the court.
 {¶ 2} Relator lodges two objections to the magistrate's decision in this case. First, he argues that the magistrate ignored his argument that the commission's order impermissibly failed to discuss relator's medical capacity for work, and failed to cite to specific medical findings. He argues that the commission impermissibly cited only to Dr. Lutz's Physical Strength Rating Form, which relator characterizes as a "boilerplate form," and that the order does not clearly indicate whether the commission also relied on Dr. Lutz's narrative report. Thus, according to relator, the order violates the principle, enunciated by the Supreme Court of Ohio in State ex rel. Noll. v. Indus. Comm. (1991),57 Ohio St.3d 203, 567 N.E.2d 245, that, "[i]n any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." Id. at syllabus.
 {¶ 3} In Noll, the commission's order denying the relator's PTD application stated that the same was "* * * [b]ased particularly upon the reports [sic] of Doctors [sic] Steiman, a consideration of the claimant's age, education, work history and other disability factors including physical, psychological and sociological, that are contained within the Statement of Facts prepared for the hearing on the instant Application, the evidence in the file and the evidence adduced at the hearing." According to the court, this language provided no insight into the basis for the commission's decision.
 {¶ 4} The court in Noll reiterated its previous holding that:
[D]istrict hearing officers * * * and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested. Moreover, this court will no longer search the commission's file for `some evidence' to support an order of the commission not otherwise specified as a basis for its decision.
State ex rel. Mitchell v. Robbins Myers, Inc. (1983),6 Ohio St.3d 481, 483-484, 6 OBR 531, 453 N.E.2d 721.
 {¶ 5} In the present case, the commission's order meets the requirements of Noll, Mitchell and their progeny. Prior to the commission's discussion of Mr. Berman's employability assessment and the hearing officer's consideration of the non-medical factors, the commission's order specifically states, with respect to relator's residual functional capacity, or medical capacity for work, that the commission finds relator capable of sedentary work. The order clearly states that the basis for this finding consists of Dr. Lutz's narrative report and Dr. Lutz's opinion as to residual functional capacity as expressed on the Physical Strength Rating Form. The commission's order enumerates the opinions from Dr. Lutz's narrative report upon which the commission relied, and specifically notes that the Physical Strength Rating Form contains the commission's definition of "sedentary work." Furthermore, the order itself contains a recitation of the full definition of "sedentary work."
 {¶ 6} Relator argues that the commission is required to go beyond the findings and opinions in the medical expert's reports and must cite to specific items from relator's medical records. Though it is somewhat unclear, relator appears to be arguing that the order violates Noll
because it does not mention specific diagnoses and objective and subjective findings related to specific affected body parts.
 {¶ 7} For support of this contention, relator cites to page 576 of the opinion in the case of State ex rel. Hayes v. Indus. Comm. (1997),78 Ohio St.3d 572, 679 N.E.2d 295. On no page of the opinion in theHayes case does the Supreme Court of Ohio hold, or even intimate, that the commission must cite to, as relator puts it, "actual medical findings." The Hayes court was concerned primarily with the commission's lack of discussion, and apparent lack of consideration, of all of the various negative vocational factors present in the case when it denied PTD compensation. The court also reiterated that the commission is the ultimate determiner of the permanency and totality of disability, and the commission must not allow the medical or vocational expert to usurp the commission's role in this regard. But the court did not require that the commission cite to the medical records reviewed by and relied upon the medical expert in rendering his or her opinion.
 {¶ 8} The order in the present case does not present the situation, as in Noll and Mitchell, where it is unclear which specific items of evidence the commission relied upon, or where the parties and the court are left to guess as to the rationale underlying the commission's decision. Though perhaps the magistrate should have discussed relator's arguments in this regard, this does not present any analytical error on the magistrate's part. Relator's first objection does not demonstrate the existence of an abuse of discretion on the part of the commission, and is not well-taken.
 {¶ 9} In his second objection, relator argues that the narrative report and the Physical Strength Assessment Form that Dr. Lutz completed are not "some evidence" supporting the commission's order because Dr. Lutz failed to provide "an explanation of the claimant's medical capacity as determined by the physician's medical findings."[1]
 {¶ 10} For support of this contention, relator argues, as he did in his brief to the magistrate, that Dr. Lutz's report fails to meet the requirement that, "[a]ll medical evidence of impairment shall be based on objective findings reasonably demonstrable and medical reports that are submitted shall be in conformity with the industrial commission medical examination manual." Ohio Adm. Code 4121-3-34(D)(3)(d). We disagree.
 {¶ 11} As required by the medical examination manual,[2] Dr. Lutz sets forth relator's chief complaints, history of present conditions, activities of daily living, and detailed past medical history. Dr. Lutz describes in detail his physical examination of relator, including objective findings derived from muscle and range-of-motion testing. Finally, he states his conclusions, including his medical opinion that relator has reached maximum medical improvement, has sustained a 13 percent whole person impairment, and is capable of performing work in the sedentary category. There is nothing to suggest that Dr. Lutz's findings and conclusions were not objective. As this court held in State ex rel.Poneris v. Indus. Comm., 10th Dist. No. 02AP-712, 2003-Ohio-2184, a physician's report is not removed from evidentiary consideration because the physician states "findings and conclusions without setting forth an exposition of how and why those findings led to those conclusions." Id. at ¶ 47.
 {¶ 12} Relator also argues that Dr. Lutz's narrative report is not "some evidence" supporting the commission's order because the report does not explain whether Dr. Lutz believes relator has any physical limitations at all or, if so, what exactly those limitations are. Relator argues that Dr. Lutz's opinions, as expressed in his narrative report and in the Physical Strength Assessment Form, are ambiguous because neither document makes clear "whether Dr. Lutz believes that Relator is capable of all sedentary jobs, some sedentary jobs, or a select few sedentary jobs * * *."[3] Again, we disagree.
 {¶ 13} On the Physical Strength Rating Form, which the commission required him to fill out in connection with his examination of relator,[4] Dr. Lutz placed an "X" next to the statement, printed in bold letters, "This injured worker is capable of physical work activity as indicated below." He also placed an "X" immediately below the foregoing statement, next to the title, "Sedentary Work." Printed immediately below that title is the definition of "sedentary work." It is clear that Dr. Lutz opines that relator is physically capable of engaging in any activity that falls within the parameters of the definition of "sedentary work" found on the form. This clearly indicates that Dr. Lutz believes relator capable of performing all jobs that comport with the features of the definition provided. If he did not, he would not have so indicated on the form. Any further assessment of the appropriateness of any particular jobs in the sedentary category is appropriate for a vocational expert report, and any ultimate determination of such is to be made by the commission, not a physician.
 {¶ 14} Relator argues that when the physician's classification of an injured worker's residual functional capacity is expressed primarily through the use of "X" marks on a preprinted form, the order denying PTD compensation is not supported by "some evidence." This court has previously rejected the identical argument on two occasions. See State exrel. Dreyer v. Anderson Twp., 10th Dist. No. 04AP-461, 2005-Ohio-366, at ¶ 4-5. See, also, State ex rel. Poneris v. Indus. Comm., 10th Dist. No. 02AP-712, 2003-Ohio-2184, at ¶ 47-49.
 {¶ 15} After an examination of the magistrate's decision, an independent review of the record pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections, and find that the magistrate made no error of fact or law. Accordingly, for all of the foregoing reasons, we adopt the magistrate's decision as our own, supplement the same with our own conclusions regarding the Noll line of authorities, and we deny relator's request for a writ of mandamus.
Objections overruled.
 BROWN, P.J., and PETREE, J. APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel . :
Harry Boone, :
 Relator, :
v. : No. 04AP-607
Industrial Commission of Ohio :
and Siemens Energy Automation, : (REGULAR CALENDAR)
Respondents. :

 MAGISTRATE'S DECISION Rendered on November 23, 2004 Harris Burgin, L.P.A., and Jeffrey W. Harris, for relator.
Jim Petro, Attorney General, and Stephen D. Plymale, for respondent Industrial Commission of Ohio.
Graydon Head Ritchey LLP, and Amy E. Lippert, for respondent Siemens Energy Automation.
 IN MANDAMUS {¶ 16} In this original action, relator, Harry Boone, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation, and to enter an order granting said compensation.
Findings of Fact:
 {¶ 17} 1. Relator has three industrial claims. Claim number 01-828230 is allowed for "L4-5 disc herniation." Claim number 97-614543 is allowed for "Umbilical hernia." Claim number 98-592597 is allowed for "Sprain lumbar region."
 {¶ 18} 2. On November 8, 2002, relator filed an application for PTD compensation.
 {¶ 19} 3. On January 28, 2003, relator was examined, at the commission's request, by James T. Lutz, M.D. Dr. Lutz issued a three-page typewritten narrative report. During the examination, Dr. Lutz took an extensive history from relator. He also detailed the medical history from the medical records. The findings from the physical examination are also described in great detail. Dr. Lutz's narrative report concludes:
In my medical opinion, this claimant has reached maximum medical improvement with regard to each specified allowed condition of the three injuries of record discussed above. In my opinion, no fundamental, functional or physiologic change can be expected despite continued treatment and/or rehabilitation.
Reference is made to the Fourth Edition of the AMA Guides Revised in arriving at the following impairment assessment. For injuries to the lumbosacral including L4-5 disc herniation and sprain lumbar region, with evidence of radiculopathy: Utilizing table 72 on page 110 the claimant warrants a DRE category III, which equals a 10% whole person impairment. For umbilical hernia: Utilizing table 7 on page 247 the claimant warrants a class I impairment, which in this case equals a 3% whole person impairment. Combining 10+3 the claimant warrants a 13% whole person impairment.
Please see the enclosed physical strength rating.
 {¶ 20} 4. On January 28, 2003, Dr. Lutz completed a physical strength rating form which the commission requires its medical examiners to complete. The top of the form contains the following preprinted paragraph:
My opinion of this injured worker's physical strength is indicated below and is based solely on the allowed condition(s) that falls within my specialty. The medical evidence supporting this opinion is presented in the narrative portion of my report. The injured worker's age, education, and work history are not considered in this estimate.
(Emphasis omitted.)
 {¶ 21} The form asks the examining physician to mark whether "[t]his injured worker is capable of physical work activity as indicated below" or "[t]his injured worker is not capable of physical work activity." (Emphasis omitted.) Dr. Lutz marked the former and then marked "sedentary work." The commission's definition of "sedentary work" is presented beneath. Dr. Lutz signed and dated the form.
 {¶ 22} 5. Following a December 29, 2003 hearing, a staff hearing officer ("SHO") issued an order denying relator's PTD application. The SHO's order states, in part:
The injured worker was examined by Dr. Lutz at the request of the Industrial Commission with respect to the allowed conditions in the claim. Dr. Lutz opined that the injured worker has reached maximum medical improvement considering the allowed conditions and has a resulting 13% whole person permanent impairment. Dr. Lutz completed a Physical Strength Rating Form which he attached to his medical report wherein he indicated that the injured worker is capable of performing sedentary employment. Sedentary work is defined on that form as meaning the ability to exert up to 10 pounds of force occasionally and a negligible amount of force frequently. Sedentary employment involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are considered sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
The Staff Hearing Officer finds that the injured worker is capable of performing sedentary employment based on the opinion of Dr. Lutz and in accordance with its definition on Physical Strength Rating Form completed by Dr. Lutz.
 {¶ 23} 6. On June 14, 2004, relator, Harry Boone, filed this mandamus action.
Conclusions of Law:
 {¶ 24} The issue is whether Dr. Lutz's reports constitute some evidence upon which the commission can rely to support its finding that relator is medically able to perform sedentary work. Finding that Dr. Lutz's reports do constitute some evidence upon which the commission can rely, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 25} Relator points out that Dr. Lutz's narrative report itself does not address relator's capacity for physical work. From this observation, relator claims that the commission exclusively relied upon the physical strength rating form. He then asserts that the commission premised its medical determination exclusively on a checkmark placed by Dr. Lutz near a preprinted definition of sedentary work.
 {¶ 26} According to relator, the commission erroneously assumed, based upon the checkmark, that relator is capable of a full range of sedentary work under the definition of sedentary work. According to relator, Dr. Lutz's checkmark must be viewed as an "ambiguous opinion" because Dr. Lutz failed to state whether his checkmark means that relator can perform a full range of sedentary work or some lesser range of sedentary work. The magistrate disagrees with relator's arguments.
 {¶ 27} To begin, the commission did not exclusively rely upon the physical strength rating form completed by Dr. Lutz. The SHO's order of December 29, 2003, clearly indicates that the commission relied upon the narrative report and the physical strength rating form. Accordingly, it is inaccurate to characterize the commission's decision as premised solely upon a physician's checkmark on a so-called boilerplate form. Dr. Lutz's narrative report must be read together with the physical strength rating form. In fact, Dr. Lutz specifically incorporates the physical strength rating form into his narrative report when he writes: "please see the enclosed physical strength rating."
 {¶ 28} Equivocal medical opinions are not evidence. State ex rel.Eberhardt v. Flxible Corp. (1994), 70 Ohio St.3d 649, 657. Equivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement. Ambiguous statements, however, are considered equivocal only while they are unclarified. Id.
 {¶ 29} There is nothing ambiguous about Dr. Lutz's opinion which must be read that relator is capable of a full range of sedentary work within the definition. The narrative report places no restrictions on the type of sedentary work that relator can perform.
 {¶ 30} It is the commission that weighs the medical evidence. While relator attempts to cast doubt about the meaning of Dr. Lutz's completion of the physical strength rating form, the commission was not required to accept relator's view of the evidence. Dr. Lutz's reports, on their face, are not equivocal or internally inconsistent. See State ex rel.Lopez v. Indus. Comm. (1994), 69 Ohio St.3d 445. Accordingly, the commission was free to accept or reject Dr. Lutz's opinion that relator is capable of sedentary work.
 {¶ 31} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
[1] Objections, at 7.
[2] See Stip.Rec., at 42-44.
[3] Objections, at 9.
[4] See January 13, 2003 Medical Examination Referral. Stip.Rec., at 41.