DECISION
{¶ 1} Relator, Roger M. Smith, filed this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("the commission"), to vacate its order denying relator's application for permanent total disability ("PTD") compensation, and ordering the commission to find that relator is entitled to that compensation pursuant to State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315, 626 N.E.2d 666.
 {¶ 2} Pursuant to Civ. R. 53 and Loc. R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On May 16, 2005, the magistrate rendered a decision, including findings of fact and conclusions of law, and therein recommended that this court issue a writ of mandamus ordering the commission to vacate its prior order denying the application for PTD compensation. The magistrate did not recommend that we grant relief pursuant to Gay; rather, the magistrate recommended that the writ of mandamus order the commission to issue a new order either granting or denying the application for PTD compensation "after getting an explanation from Dr. Reynolds" as to "what Dr. Reynolds meant by the qualifying words `at best[.]'" The magistrate determined that, without such an "explanation" Dr. Reynolds' report does not constitute "some evidence" upon which the commission may permissibly rely in denying relator's application for PTD compensation.
 {¶ 3} None of the parties filed objections to the magistrate's decision. Pursuant to Civ. R. 53(E)(4)(a), the court "may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Upon review of the magistrate's decision in the present case, we do perceive that there is a defect on the face thereof. Accordingly, we reject the last two paragraphs of the magistrate's decision, and modify the same by substituting our own conclusions of law therefor, which are set forth below. We adopt the remainder of the magistrate's conclusions of law, as well as the magistrate's findings of fact.
 {¶ 4} Equivocal or internally inconsistent medical opinions do not constitute "some evidence" upon which the commission may rely. State exrel. Eberhardt v. Flxible Corp. (1994), 70 Ohio St.3d 649, 656,640 N.E.2d 815. Equivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement. Id. at 657. A medical report can be so internally inconsistent that it cannot serve as some evidence supporting a commission decision. State ex rel. Lopez v. Indus. Comm. (1994),69 Ohio St.3d 445, 633 N.E.2d 528; State ex rel. Taylor v. Indus. Comm.
(1995), 71 Ohio St.3d 582, 645 N.E.2d 1249.
 {¶ 5} The magistrate concluded that Dr. Reynolds' report does not constitute "some evidence" upon which the commission may rely because Dr. Reynolds notes relator's difficulty with walking on his heels and toes and with shifting between certain positions, and relator's complaints of pain with most activities; but also indicates on the Physical Strength Rating Form that relator is capable of performing sedentary work "at best."
 {¶ 6} We disagree with the magistrate's conclusion that Dr. Reynolds' report, along with his notation of "at best" next to the place on the Physical Strength Rating Form where he indicates that relator is capable of sedentary work, renders his opinion ambiguous or equivocal.
 {¶ 7} First, the report of Dr. Reynolds' findings from his examination of relator does not contradict Dr. Reynolds' opinion that relator is capable of sedentary work. Relator's complaints of pain and the objective findings of limitations upon movement are not inconsistent with the doctor's opinion that relator is capable of sedentary work.
 {¶ 8} Furthermore, when Dr. Reynolds checked the box next to "sedentary work" on the Physical Strength Rating Form, he was, in fact, indicating that relator is, "at best," physically capable of work that falls within the "sedentary" category. Therefore, the "at best" notation does not create an ambiguity.
 {¶ 9} When a doctor checks the box next to the description of "sedentary work" on a Physical Strength Rating Form, he is clearly opining that the injured worker's residual functional capacity resulting from the industrial injury is at the sedentary level as defined by Ohio Adm. Code 4121-3-34(B)(2)(a), and that the injured worker is capable of sustained performance of any activity that falls within the parameters of the definition of that category of work. State ex rel. Boone v. Indus.Comm., 10th Dist. No. 04AP-607, 2005-Ohio-1531, ¶ 13; State ex rel.Kleinman v. Indus. Comm., 10th Dist. No. 04AP-692, 2005-Ohio-3098, ¶ 31.
 {¶ 10} Moreover, the definition of "sedentary work" is printed immediately below the title of that category, next to the box that Dr. Reynolds checked. The checked box is printed next to a statement which, in bold letters, declares, "This injured worker is capable of physical work activity as indicated below." There can be no doubt that Dr. Reynolds was aware of the legal definition of the category within which he placed relator when he opined regarding relator's residual functional capacity. Boone, supra, ¶ 13.
 {¶ 11} Ohio Adm. Code 4121-3-34(B)(4) states:
"Residual functional capacity" means the maximum degree to which the claimant has the capacity for sustained performance of the physical-mental requirements of jobs as these relate to the allowed conditions in the claim(s).
(Emphasis added.)
 {¶ 12} Thus, to opine that relator is capable of work at the sedentary level "at best" is the equivalent of opining that the "maximum" degree to which relator has the capacity for sustained performance of job requirements is at the sedentary level. Therefore, Dr. Reynolds' acts of checking the box and of adding the notation "at best" create no inherent ambiguity or inconsistency.
 {¶ 13} We likewise perceive no ambiguity between the Physical Strength Rating Form and Dr. Reynolds' report of his findings upon his physical examination of relator. The magistrate was troubled by the following portion of the doctor's physical examination report:
* * * He is able to walk on his heels and toes with some difficulty. He has grimacing and he complains of pain with most activities. * * * He has difficulty getting up from the supine position. He has to roll on one side and needs help getting up. * * *
(Stip. Rec., 43.) These observations are not inconsistent with the definition of "sedentary work." Ohio Adm. Code 4121-3-34(B)(2)(a) states:
"Sedentary work" means exerting up to ten pounds of force occasionally (occasionally: activity or condition exists up to one-third of the time) and/or a negligible amount of force frequently (frequently: activity or condition exists from one-third to two-thirds of the time) to lift, carry, push, pull, or otherwise move objects. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met.
 {¶ 14} Moreover, the physical examination portion of Dr. Reynolds' report also indicates that relator uses no ambulatory aides, relator is able to stand on his heels and toes, sensation and circulation are intact, he has no upper extremity weakness, he is neurologically intact in both upper extremities and he has full range of motion of both wrists. But it is not this court's province to pick and choose portions of a physician's report in order to find an ambiguity, or to do so in order to discredit the perception that an ambiguity exists.
 {¶ 15} It is also not permissible for the court to question whether the physician's physical strength rating corresponds to his clinical findings. "* * * [T]he court in mandamus may not "second guess" the medical correctness of a physician's opinion. * * * [T]he court may bar a medical report from constituting "some evidence" where the doctor has relied on non-medical factors or has set forth patently inconsistent statements. However, in the absence of such defects, the question of whether a doctor's evaluation of work capacity appears too low or too high, based on the clinical findings recited, is a matter for the commission to decide when evaluating the persuasiveness of the evidence."State ex rel. Poneris v. Indus. Comm., 10th Dist. No. 02AP-712, 2003-Ohio-2184, ¶ 50.
 {¶ 16} In the final analysis, Dr. Reynolds' report casts no doubt on his opinion, expressed through the Physical Strength Rating Form, that relator is, at best, capable of sustained performance of the physical requirements of jobs within the sedentary category, and is capable of no more than that.
 {¶ 17} Accordingly, we conclude that Dr. Reynolds' report is some evidence supporting the commission's decision. Thus, relator's request for a writ of mandamus is denied.
Writ of mandamus denied.
Petree and McGrath, JJ., concur.
 (APPENDIX A) IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
Roger M. Smith, :
 Relator, :
v. : No. 04AP-1229
Veach Trucking, Inc. and : (REGULAR CALENDAR)
Industrial Commission of Ohio, :
 Respondents. :

MAGISTRATE'S DECISION
Rendered on May 16, 2005
Angela D. Marinakis, for relator.
Jim Petro, Attorney General, and Sue A. Zollinger, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 18} Relator, Roger M. Smith, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator's application for permanent total disability ("PTD") compensation and ordering the commission to find that relator is entitled to that compensation pursuant to State ex rel. Gay v. Mihm (1994),68 Ohio St.3d 315.
Findings of Fact:
 {¶ 19} 1. Relator has sustained three work-related injuries and his claims have been allowed as follows:
Claim # 98-358497 is allowed for: open wound second left finger.
Claim # 01-406202 is allowed for: sprain of right hand, contusion of right chest wall.
[Claim #] 02-345545 [is allowed for:] sprain lumbar region, sprain thoracic region, sprain of left wrist, contusion of left elbow, lumbar/lumbosacral disc degeneration, lumbosacral spondylosis, sprain of neck, sprain left elbow nos, loose left body-upper/arm, degenerative disc disease cervical C1-C7, degenerative joint disease left elbow, aggravation pre-existing lumbar degenerative arthritis.
 {¶ 20} 2. Relator has been unable to work since April 8, 2002, the date of his last injury.
 {¶ 21} 3. Relator was examined by Robert E. Frank, Jr., M.D., who issued a report dated October 12, 2002. Dr. Frank concluded that relator's left wrist, left elbow, and thoracic region had reached maximum medical improvement ("MMI"). However, Dr. Frank concluded that, while relator is no longer experiencing pain from the lumbar sprain, he is experiencing pain from the underlying degenerative joint disease and the spondylosis which were aggravated by the work-related injury. Dr. Frank concluded that relator had not reached MMI for this condition and that he needs to see a surgeon. Dr. Frank went on to opine that, in his opinion, relator is permanently disabled and that, as a result of the significant pathology of the left elbow and low back, he will never be able to return to work as a truck mechanic. Dr. Frank did opine that at some time in the future relator will "probably be capable of working in a sedentary to lightly active type of job."
 {¶ 22} 4. Relator was also examined by Christian L. Bonasso, M.D., who issued a report dated October 18, 2002. Dr. Bonasso recommended that relator try selective nerve root blocks before considering surgery for his back condition.
 {¶ 23} 5. Relator was also examined by James E. Lundeen, Sr., M.D., who issued a report dated December 26, 2003. After providing his objective findings, Dr. Lundeen concluded as follows:
On the basis of only the allowed condition(s), the medical history and all medical information available at this time, the findings on physical examination being both subjective and objective, it is my opinion that the claimant, Roger Mack Smith, is permanently and totally disabled as a direct result of the injuries in this claim. There is no expectation of recovery for him from his injuries. The natures and extents of his injuries are sufficient to permanently remove him from the industrial workplace setting. Furthermore, I opine that he has no potential for retraining.
(Emphasis sic.) Dr. Lundeen completed a physical capacity evaluation wherein he indicated that, during the course of an eight hour day, relator could sit for two to four hours, and for 45 minutes without interruption; he could stand and/or walk for two to four hours during an eight hour work day and could do so for 20 minutes without interruption; he could occasionally lift and/or carry five pounds and could frequently lift and/or carry two pounds; he could not stoop, crouch, kneel or crawl, and had restrictions relative to reaching, handling, feeling, pushing/pulling.
 {¶ 24} 6. On June 2, 2004, relator filed an application for PTD compensation.
 {¶ 25} 7. On July 20, 2004, relator was examined by commission specialist William Reynolds, M.D., who issued a report dated July 21, 2004. Dr. Reynolds opined that relator had reached MMI, assessed a 33 percent whole person impairment and, on a physical strength rating form, checked the box indicating that relator could perform sedentary work. Next to the checked notation, Dr. Reynolds wrote "at best."
 {¶ 26} 8. Relator's application was heard before a staff hearing officer ("SHO") on September 30, 2004, and resulted in an order denying the application. The SHO concluded that, pursuant to the report of Dr. Reynolds, relator retained the capacity to perform sedentary work. The commission then conducted the following analysis of the nonmedical disability factors:
Claimant's age of 61 (soon 62) is found to be a neutral factor. While close to normal "retirement" age, there is nothing that precludes claimant from performing sedentary work based upon the mere fact of his age.
Claimant's high school education is deemed an asset in that it permits claimant to perform the duties of a vast number of simple job tasks that do not require higher specialized education.
Finally, claimant's work history as a heavy equipment operator and mechanic, and as a truck mechanic is held to be an asset. These skilled jobs (self-taught for the most part) demonstrate a high degree of native mechanical aptitude as well as a demonstration of reliability and responsibility that would be considered valuable personality traits by a potential employer regardless of the job involved.
Accordingly the SHO finds that claimant could perform sedentary tasks, even if only on a part-time basis, such as mechanical assembly or inspections involving negligible weights, as well as other types of sedentary work such as security systems monitor, telemarketer, and self-service cafeteria checkout cashier.
Therefore claimant is found not to be removed from all sustained remunerative employment, and is held not to be permanently and totally disabled.
 {¶ 27} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 28} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 29} The relevant inquiry in a determination of permanent total disability is the claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments, but also the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. Gay, supra. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 30} In the present case, the magistrate finds that a writ of mandamus is appropriate. The commission relied exclusively upon the report of Dr. Reynolds for the conclusion that relator was capable of performing work at a sedentary level. However, although Dr. Reynolds did check the box indicating that relator could perform sedentary work, he qualified that with the words "at best." In the body of his report, Dr. Reynolds noted that relator walks on his heels and toes with some difficulty; that he grimaces and complains of pain with most activities; that he has difficulty getting up from the supine position and has to roll to one side and needs help. Given those observations and the fact that Dr. Reynolds qualifies his notation that relator can perform sedentary work with the words "at best," the magistrate finds that Dr. Reynolds' report does not support a finding that relator is currently capable of performing sedentary work. Dr. Reynolds may have intended that conclusion by his report; however, without an explanation of what Dr. Reynolds meant by the qualifying words "at best," the magistrate finds that his report does not constitute some evidence upon which the commission could rely without getting an explanation from Dr. Reynolds as to his opinion. While relator indicates that this court should find that he is permanently and totally disabled because the remainder of the evidence in the record supports such a decision, the magistrate disagrees that such an outcome is required.
 {¶ 31} Accordingly, it is the magistrate's decision that a writ of mandamus should be issued ordering the commission to vacate its prior order denying relator's application for PTD compensation and the commission should be ordered to issue a new order either granting or denying the requested compensation after getting an explanation from Dr. Reynolds.