THE STATE EX REL. TAYLOR, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Taylor v. Indus.*
*Comm.* (1995), 71 Ohio St.3d 582.]

(No. 93–2360—Submitted January 10, 1995—Decided March 1, 1995.)

*Elliott, Heller, Maas, Moro & Magill Co., L.P.A., Rush E. Elliott* and *Richard L. Magill,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellee.

DOUGLAS, J. In the case at bar, both Dr. DeChellis and Dr. DePasquale concluded that appellant was physically unable to work. In addition, William Fink, a vocational expert, determined that appellant was not a viable candidate for rehabilitative services. Dr. Katz, however, reached a contrary conclusion and, in his report, wrote:

"OPINION: I feel this represents a lumbosacral myofascitis secondary to the fall in January 1985. The tests * * * showed that there was no compression of nerve roots according to the lumbar myelogram. There are no objective findings and there is a large amount of functional overlay. * * * I do not consider this patient to be permanently and totally disabled [*sic* ] from gainful employment. I feel he is able to work at his former position of employment at least from an orthopaedic [*sic* ] standpoint. I feel he is entitled to a permanent partial impairment of * * * (fifty percent) of the body as a whole. Possibly psychiatric evaluation would be indicated because of the element of functional overlay and the fact that there are no objective findings by examination and tests reported on his medical records."

Without question, the commission's decision, denying appellant's application for permanent total disability compensation, was premised *exclusively* on Dr. Katz's assessment of appellant's condition. Thus, the question before this court is whether Dr. Katz's report was "some evidence" supporting the commission's decision. For the reasons that follow, we answer this question in the negative.

Recently, in *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 633 N.E.2d 528, this court considered the evidentiary sufficiency of a medical report on which the commission relied in denying a claimant permanent total disability compensation.[1] The report at issue in *Lopez* also involved the same doctor at issue here, Dr. Katz. In fact, the report in *Lopez* was substantively identical to the report in the present situation in that Dr. Katz found no objective findings,

---

1. We recognize that the court of appeals did not have the benefit of our decision in *State ex rel. Lopez v. Indus. Comm.* (1994), 69 Ohio St.3d 445, 633 N.E.2d 528.

concluded that the claimant could return to heavy labor, and then, however, assessed a fifty percent permanent partial impairment. We rejected Dr. Katz's report in *Lopez*, reasoning:

"Katz's report, however, while unequivocal, is so internally inconsistent that it cannot be 'some evidence' supporting the commission's decision. Despite 'normal' physical findings, Katz assessed a high (fifty percent) degree of impairment. He then, however, concluded that claimant could perform heavy foundry labor. Being unable to reconcile these seeming contradictions, we find that the report is not 'some evidence' on which to predicate a denial of permanent total disability compensation." *Id.* at 449, 633 N.E.2d at 531–532.

Clearly, Dr. Katz's report in the present situation contains the same infirmities as those contained in his report in *Lopez*. Thus, consistent with our findings in *Lopez*, we find that Dr. Katz's report in the case at bar cannot, as a matter of law, be "some evidence" supporting the commission's decision.

Granted, the lack of "some evidence" supporting denial of permanent total disability compensation does not automatically equate into "some evidence" supporting an award. *State ex rel. Wilcox v. Ashtabula Cty. Hwy. Dept.* (1992), 64 Ohio St.3d 190, 192, 593 N.E.2d 1390, 1391. However, here, the *remaining* medical evidence is overwhelming, and it unequivocally constitutes "some evidence" supporting an award for permanent total disability compensation.

For the foregoing reasons, we grant relief consistent with *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666. Accordingly, the judgment of the court of appeals is reversed, and a writ of mandamus is allowed.

*Judgment reversed*
*and writ allowed.*

RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.