[Cite as *State ex rel. J.C. Penney Co., Inc. v. Indus. Comm.*, 2014-Ohio-1189.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>J.C. Penney Co., Inc., | : | |
| | : | |
| Relator, | | No. 13AP-448 |
| | : | |
| v. | | (REGULAR CALENDAR) |
| | : | |
| Industrial Commission<br>of Ohio and Norma Preece, | : | |
| | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on March 25, 2014

*ICE MILLER LLP,* and *Patrick A. Devine,* for relator.

*Michael DeWine*, Attorney General, and *Corinna V. Efkeman,* for respondent Industrial Commission of Ohio.

*Larrimer & Larrimer,* and *Thomas L. Reitz,* for respondent Norma Preece.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

KLATT, J.

{¶ 1} Relator, J.C. Penny Co., Inc., commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order granting permanent total disability ("PTD") to respondent, Norma Preece ("claimant") and to find that the claimant is not entitled to said compensation.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings

of fact and conclusions of law, which is appended hereto. The magistrate found that Dr. Lowe's report constituted some evidence supporting the commission's grant of PTD compensation to the claimant. Therefore, the magistrate concluded that the commission did not abuse its discretion. Based upon this finding, the magistrate has recommended that we deny relator's request for a writ of mandamus.

{¶ 3} Relator has filed objections to the magistrate's decision. Relator argues that the magistrate erred when she found that Dr. Lowe's report constituted some evidence supporting the commission's order. Essentially, relator contends that Dr. Lowe's report is equivocal because he does not clearly state that all of the pain experienced by claimant was caused by allowed conditions. According to relator, the commission abused its discretion by relying upon Dr. Lowe's report because of this equivocation. We disagree.

{¶ 4} We find that Dr. Lowe's report is not equivocal. Dr. Lowe clearly stated that claimant is unable to perform any sustained remunerative employment solely as a result of the allowed psychological condition. Dr. Lowe's report contains nothing that conflicts with this conclusion. Dr. Lowe's failure to attribute all of the claimant's pain to the allowed conditions does not constitute equivocation in his opinion that the claimant is unable to work solely because of the allowed psychological condition. Therefore, we overrule relator's objections.

{¶ 5} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny relator's request for a writ of mandamus.

*Objections overruled; writ of mandamus denied.*

TYACK and CONNOR, JJ., concur.

———————————

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio ex rel.                                      :
J.C. Penney Co., Inc.,

                                                          :

               Relator,                                                   No. 13AP-448

                                                          :

v.                                                                        (REGULAR CALENDAR)

                                                          :

Industrial Commission
of Ohio and Norma Preece,                                 :

               Respondents.                               :

---

### MAGISTRATE'S DECISION

#### Rendered on October 22, 2013

---

*ICE MILLER LLP,* and *Patrick A. Devine,* for relator.

*Michael DeWine*, Attorney General, and *Korinna V. Efkeman,* for respondent Industrial Commission of Ohio.

*Larrimer & Larrimer,* and *Thomas L. Reitz,* for respondent Norma Preece.

---

### IN MANDAMUS

{¶ 6} Relator, J.C. Penney Co., Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Norma Preece ("claimant") and ordering the commission to find that claimant is not entitled to that compensation.

Findings of Fact:

{¶ 7} 1. Claimant sustained a work-related injury on September 23, 1975, and her workers' compensation claim has been allowed for the following conditions:

> Lower back injury; osteoarthritis of low back; degenerative disc disease at L4-5; disc herniation at L4-5; depressive disorder.

{¶ 8} 2. Claimant continued to receive treatment for her allowed back conditions and has undergone the following surgeries:

> [One] 11/17/1975 L4-5 laminectomy with disc excision
> [Two] 10/11/1976, L4-5 laminectomy and disc excision
> [Three] L4-5 laminectomy on 12/1979
> [Four] 08/16/2005, L4-5 decompressive laminectomy with an L4-5 diskectomy. An interbody fusion and reinforced the pedicle screw fixation at L4-5

{¶ 9} 3. Claimant last worked for relator in 1976, at which time she found herself unable to continue due to the allowed conditions in her claim.

{¶ 10} 4. Thereafter, claimant obtained her GED and attended Columbus Technical Institution (nka Columbus State Community College) and returned to sustained remunerative employment in hospitality, as a clerk, and as an auditor.

{¶ 11} 5. It appears that claimant last worked in 2001.

{¶ 12} 6. Claimant began treating for her allowed psychological condition with Beal D. Lowe, Ph.D., in 2007.

{¶ 13} 7. Claimant filed her application for PTD compensation on August 22, 2012.

{¶ 14} 8. Claimant's application was supported by the August 20, 2012 report of David A. Rath, M.D., who stated:

> The patient continues to have constant pain and her back pain is aggravated by movement. Norma finds relief from medication to be modest. When asked about severity, she ranks it currently as 8/10. The symptoms occur all the time.
>
> * * *
>
> Patient is unable to return to her profession. She requires frequent changes of position. She is unable to take baths she

> must take showers due to neuropathy in both legs due to her back pain.
>
> * * *
>
> Based on the above findings I believe her to be permanently and totally disabled.

{¶ 15} 9. Claimant also submitted the March 18, 2012 report from Dr. Lowe who stated:

> As you are aware, I have been providing psychological treatment to Ms. Preece for this depressive condition since 2007. During this time, Ms. Preece has been consistently depressed by the severe chronic pain which she experiences and her resulting inability to work or to adequately function in her social or home life. Ms. Preece sleeps very poorly because of pain and depression. When I first began to work with her, she still had some minor hobbies and crafts. She has subsequently lost her interest in those tasks. At this point, her only avocation is reading. She socializes very little and rarely leaves the home except for medical appointments.
>
> It is my professional opinion that as a result of the symptoms resulting from her depression, including reduced concentration and memory, irritability, reduced energy, and persistence, that Ms. Preece lacks any ability to perform or sustain gainful employment. This depression is clearly the result of her injuries and chronic pain[.]
>
> I strongly support Ms. Preece's application for permanent total disability and believe that she has no capacity to perform any employment as a result of her allowed psychological condition.

{¶ 16} 10. Relator had claimant examined by Richard H. Clary, M.D. In his September 21, 2012 report, Dr. Clary opined that, in his medical opinion, the average length of treatment for the allowed psychological condition in the claim would be six months. He concluded that her allowed psychological condition had reached maximum medical improvement ("MMI"), that she had a 10 percent whole person impairment and that her allowed psychiatric condition alone would not cause any limitations or restrictions on her ability to work.

{¶ 17} 11. Relator also had claimant examined by John W. Cunningham, M.D.  In his September 18, 2012 report, Dr. Cunningham identified the allowed conditions in the claim, discussed the medical records which he reviewed, provided his physical findings upon examination, and concluded that claimant's allowed physical conditions had reached MMI, assessed a 23-percent whole person impairment, concluded that she was capable of performing some sustained remunerative employment with the following restrictions:

> [N]o lifting, carrying, pushing, pulling or otherwise moving objects greater than 20 pounds, and with the ability to alternate sitting and standing throughout the work shift.

{¶ 18} 12. Claimant was also examined by Joseph Kearns, D.O.   In his November 19, 2012 report, Dr. Kearns identified the allowed conditions in claimant's claim, provided his physical findings upon examination, concluded that her allowed conditions had reached MMI, assessed a 28-percent whole person impairment, and opined that she was capable of performing sedentary work noting that she could lift up to 10 pounds maximum, and would be limited in her bending, twisting and overhead work.

{¶ 19} 13. Claimant was also evaluated by John M. Malinky, Ph.D.   In his November 28, 2012 report, Dr. Malinky noted that claimant indicated she wakes up with pain and the pain remains throughout the day worsening with activity.   Claimant indicated that her back pain caused her to quit her job.  Ultimately, Dr. Malinky found that claimant's allowed psychological condition had reached MMI, opined that she had suffered a class 3 moderate impairment, assessed a 26-percent whole person impairment, and found that she could work with the following limitations/modifications:

> [One] This individual would not be able to deal with the public. This injured worker would have difficulty completing a normal workday and workweek without interruption from psychological based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.
>
> [Two] This injured worker would have difficulties maintaining attention and concentration for extended periods of time.

[Three] This injured worker would not be able to accept instructions and respond appropriately to criticism from supervisors.

{¶ 20} 14. Claimant's application for PTD compensation was heard before a staff hearing officer ("SHO") on February 15, 2013. The SHO relied on the medical report of Dr. Lowe and concluded that claimant was permanently and totally disabled due to the allowed psychological condition.

{¶ 21} 15. Relator filed an application for reconsideration arguing that the report of Dr. Lowe did not constitute some evidence upon which the commission could rely and that the SHO's order did not comply with the requirements of *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991).

{¶ 22} 16. In an order mailed April 12, 2013, the commission denied relator's request for reconsideration.

{¶ 23} 17. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 24} Relator contends that the commission abused its discretion by relying upon the report of Dr. Lowe. Relator contends that Dr. Lowe opined that claimant's chronic pain prevents her from engaging in sustained remunerative employment; however, inasmuch as chronic pain is not an allowed condition, relator contends that Dr. Lowe's report is internally inconsistent and equivocal.

{¶ 25} Finding that the report of Dr. Lowe is not equivocal or internally inconsistent, the magistrate finds that the commission did not abuse its discretion by relying on that report.

{¶ 26} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 27} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel.*

*Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).  A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record.  *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986).  On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate.  *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987).  Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.  *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 28} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment.  *State ex rel. Domjancic v. Indus. Comm.*, 69 Ohio St.3d 693 (1994).  Generally, in making this determination, the commission must consider not only medical impairments but also the claimant's age, education, work record and other relevant non-medical factors.  *State ex rel. Stephenson v. Indus. Comm.*, 31 Ohio St.3d 167 (1987).  Thus, a claimant's medical capacity to work is not dispositive if the claimant's non-medical factors foreclose employability.  *State ex rel. Gay v. Mihm*, 68 Ohio St.3d 315 (1994).  The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991).

{¶ 29} Relator makes the same argument here that relator made in its request for reconsideration.  Relator contends that Dr. Lowe does not reference any medical evidence to establish the existence of or the degree of disability arising from claimant's chronic pain.  Further, inasmuch as relator contends that claimant has other back conditions which are not allowed in this claim, relator argues that it is just as likely that claimant's chronic pain stems from a non-allowed condition.  Therefore, relator contends that Dr. Lowe's report is equivocal and internally inconsistent and that the commission abused its discretion by relying on it.

{¶ 30} Equivocal medical opinions are not evidence.  *State ex rel. Eberhardt v. Flxible Corp.*, 70 Ohio St.3d 649, 655 (1994).  Equivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement.  *Id.*  Ambiguous statements, however, are considered

equivocal only while they are unclarified. *Id.* The Supreme Court, at 657, further explains ambiguous statements:

> [A]mbiguous statements are inherently different from those that are repudiated, contradictory or uncertain. Repudiated, contradictory or uncertain statements reveal that the doctor is not sure what he means and, therefore, they are inherently unreliable. Such statements relate to the doctor's position on a critical issue. Ambiguous statements, however, merely reveal that the doctor did not effectively convey what he meant and, therefore, they are not inherently unreliable. Such statements do not relate to the doctor's position, but to his communication skills.

{¶ 31} A medical report can be so internally inconsistent that it cannot be some evidence upon which the commission can rely. *State ex rel. Lopez v. Indus. Comm.*, 69 Ohio St.3d 445 (1994), and *State ex rel. Taylor v. Indus. Comm.*, 71 Ohio St.3d 582 (1995).

{¶ 32} Both claimant and the commission argue that Dr. Lowe did not opine that chronic pain prohibited claimant from performing some sustained remunerative employment; instead, they assert that Dr. Lowe opined that the symptoms resulting from claimant's allowed psychological condition caused her depression, reduced concentration and memory, irritability, reduced energy, and persistence such that she lacks the ability to perform any sustained remunerative employment.

{¶ 33} As noted in the findings of fact, Dr. Lowe stated:

> As you are aware, I have been providing psychological treatment to Ms. Preece for this depressive condition since 2007. During this time, Ms. Preece has been consistently depressed by the severe chronic pain which she experiences and her resulting inability to work or to adequately function in her social or home life. Ms. Preece sleeps very poorly because of pain and depression. When I first began to work with her, she still had some minor hobbies and crafts. She has subsequently lost her interest in those tasks. At this point, her only avocation is reading. She socializes very little and rarely leaves the home except for medical appointments.
>
> It is my professional opinion that as a result of the symptoms resulting from her depression, including reduced concentration and memory, irritability, reduced energy, and persistence, that Ms. Preece lacks any ability to perform or

> sustain gainful employment. This depression is clearly the result of her injuries and chronic pain * * *.
>
> I strongly support Ms. Preece's application for permanent total disability and believe that she has no capacity to perform any employment as a result of her allowed psychological condition.

{¶ 34} Upon examination, the magistrate does not find that there is any equivocation, uncertainty or ambiguous statements in Dr. Lowe's report. Instead, Dr. Lowe indicates that he has been providing psychological treatment for claimant's depressive condition since 2007. Claimant's claim is indeed allowed for "depressive disorder."

{¶ 35} Further, in terms of pain, the magistrate notes that, in his August 20, 2012 report, relator's treating physician Dr. Rath, indicated that claimant "continues to have constant pain and her back pain is aggravated by movement. Norma finds relief from medication to be modest. When asked about severity, she ranks it currently as 8/10. The symptoms occur all the time." Granted, Dr. Rath did include a non-allowed back condition in his list of allowed conditions; however, there is other medical evidence in the record detailing the pain claimant's allowed physical conditions cause her.

{¶ 36} In his September 18, 2013 report, Dr. Cunningham indicated that "[a]t the present time, [claimant] complains of constant right low back pain, which extends down the right leg * * * and feels as though there is a 'tearing' sensation in the low back." In his November 19, 2012 report, Dr. Kearns noted that "[c]urrently, she has pain in her lower back all the time. On a normal day, it will be 4/10. With activity, it can jump up to an 8 or 10/10. She has to lean on the sink when she has been washing dishes. She can only walk about 40 feet without a cane and can't walk further without stopping. She can sit in one position for about 10 minutes and about 30 minutes if she shifts her position." In his November 28, 2012 report, Dr. Malinky noted that, in the morning when she wakes, claimant reports that her pain is 4/10, increases to 6/10 as she prepares breakfast, and becomes a 9 or 10/10 if she does housework. Claimant indicated that she has to sit down and feels discouraged.

{¶ 37} Contrary to relator's assertions, there is medical evidence in the record supporting Dr. Lowe's statement that claimant's allowed conditions cause her significant

chronic pain.    Aside from Dr. Rath, all the other doctors correctly identified only claimant's allowed conditions and noted that she has significant daily pain.  Therefore, the magistrate does not find Dr. Lowe's reference to claimant's chronic pain to be a valid reason for removing his report from evidentiary consideration.

{¶ 38} Further, to the extent that relator points to the reports of Drs. Clary, Malinky, and Kearns, and argues that those reports are more persuasive, relator's argument fails to demonstrate an abuse of discretion on the part of the commission.  And, as indicated above, all those doctors noted that claimant reported significant, daily chronic pain.   Claimant does not have to have her claim allowed for chronic pain syndrome before doctors and the commission can consider the effect of the pain caused by her allowed conditions.  Relator's arguments go to credibility and the weight of the evidence.   It is undisputed that questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder.    *Teece.* Further, it is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission's.   *State ex rel. Pass v. C.S.T. Extraction Co.*, 74 Ohio St.3d 373 (1996).

{¶ 39} Here, the commission identified the medical report upon which it relied and provided a brief explanation for finding that claimant was entitled to an award of PTD compensation.  Finding that relator has not demonstrated that the report of Dr. Lowe does not constitute some evidence upon which the commission could properly rely, the magistrate finds that relator has not demonstrated that the commission abused its discretion.

{¶ 40} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion, and relator's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
STEPHANIE BISCA BROOKS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).