[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mignella v. Indus. Comm.,* Slip Opinion No. 2019-Ohio-463.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-463

THE STATE EX REL. MIGNELLA, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mignella v. Indus. Comm.,* Slip Opinion No. 2019-Ohio-463.]

*Workers' compensation—Permanent total disability—R.C. 4123.53(A)—Industrial commission may order additional medical examination of claimant when commission identifies why another examination is necessary or would be helpful, and claim is suspended until claimant submits to exam—Court of appeals' judgment denying writ affirmed.*

(No. 2018-0085—Submitted January 8, 2019—Decided February 13, 2019.)

APPEAL from the Court of Appeals for Franklin County, No. 16AP-441, 2017-Ohio-8831.

_____

**Per Curiam.**

{¶ 1} Appellant, Mary Mignella, filed an application for permanent-total-disability ("PTD") benefits with appellee Industrial Commission. A staff hearing

officer ("SHO") for the commission determined that the application could not be adjudicated until Mignella submitted to a second medical examination by a commission specialist. Mignella refused, reasoning that because she had already been examined once by a commission specialist, she could not be required to submit to a second examination. Following Mignella's refusal, the SHO suspended her application.

{¶ 2} Mignella filed a complaint in the Tenth District Court of Appeals seeking a writ of procedendo ordering the commission to proceed with its adjudication of her application. The court of appeals denied the writ. Mignella has appealed to this court and filed a motion for oral argument. For the reasons that follow, we deny the motion for oral argument and affirm the court of appeals' judgment.

**FACTS AND PROCEDURAL BACKGROUND**

*Commission proceedings*

{¶ 3} Mignella filed with the commission an application for PTD benefits. In support of the application, Mignella included a report from her treating chiropractor that stated that Mignella was incapable of work. At the commission's request, Mignella was then examined by Elizabeth Mease, M.D. Dr. Mease reported that Mignella can perform "light physical demand activities" but that "[s]he cannot sit or stand longer than 15 to 20 minutes at a time."

{¶ 4} Mignella later took Dr. Mease's deposition. During that deposition, Dr. Mease admitted to making mistakes in her examination of Mignella; specifically, she did not examine Mignella according to the American Medical Association's ("AMA") guidelines. Because of Dr. Mease's mistakes, an SHO issued an interlocutory order referring the application back to the commission to schedule Mignella for a second examination. The order provided that after the examination had been performed, Mignella's file would be "processed in the ordinary manner."

**{¶ 5}** After Mignella did not attend the scheduled examination, an SHO issued an order suspending her application "until such time as the Injured Worker appears for a medical examination by a physician of the Industrial Commission's choice."

*Court-of-appeals proceedings*

**{¶ 6}** After the SHO issued the order suspending her application, Mignella filed an original action in the court of appeals for a writ of procedendo ordering the commission to adjudicate her application. The court of appeals referred Mignella's action to a magistrate, who issued a decision recommending that the court deny the writ. Mignella filed objections to the magistrate's decision, arguing, among other things, that the commission could not require her to submit to a second medical examination. The court of appeals overruled her objections and adopted the magistrate's findings of fact and conclusions of law. Mignella then filed this appeal.

**ANALYSIS**

*The procedendo standard*

**{¶ 7}** A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment. *Bertolino v. Indus. Comm.*, 43 Ohio St.3d 44, 45, 538 N.E.2d 1040 (1989). The writ is available to compel the commission to act on a claim. *Id.* For a writ to issue, a relator must establish a clear legal duty on the part of a tribunal to proceed, a clear legal right to require the tribunal to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531-532, 705 N.E.2d 1227 (1999). The writ will not issue to control or interfere with the lower tribunal's administration of ordinary procedures. *State ex rel. Utley v. Abruzzo*, 17 Ohio St.3d 203, 204, 478 N.E.2d 789 (1985).

*The commission's power to require a claimant to submit to a medical examination and suspend review of the claimant's application pending the examination*

**{¶ 8}** Mignella argues in her sole proposition of law that because she has already been examined once by a commission specialist, the commission cannot require her to submit to a second examination simply because the specialist who first examined her did not comply with the AMA's guidelines. To properly evaluate this argument, the commission's statutory and regulatory powers must be considered alongside the caselaw.

**{¶ 9}** The commission has authority to "require any employee claiming the right to receive compensation to submit to a medical examination * * * at any time, and from time to time, at a place reasonably convenient for the employee, and as provided by the rules of the commission or the administrator of workers' compensation." R.C. 4123.53(A). *See also* Ohio Adm.Code 4121-3-09(A)(5) (the commission may "at any point in the processing of an application for benefits, require the injured worker to submit to a physical examination"). If the employee refuses to submit to or obstructs the examination, the employee's claim for compensation "is suspended during the period of the refusal or obstruction." R.C. 4123.53(C). *Accord* Ohio Adm.Code 4121-3-12.

**{¶ 10}** In *State ex rel. Clark v. Indus. Comm.*, 78 Ohio St.3d 509, 678 N.E.2d 1380 (1997), we observed that a predecessor to R.C. 4123.53(A) that was substantively identical to the current version granted the commission "broad discretion with regard to requiring a claimant to submit to medical examinations." *Id.* at 512.[1] A sign of this broad discretion, we noted, was that the statute did not specifically limit the number of examinations that the commission could schedule on a particular issue. Nevertheless, we stressed that the commission's discretion in

---

1. "Former R.C. 4123.53 (now R.C. 4123.53[A]) provided that '[a]ny employee claiming the right to receive compensation may be required by the industrial commission to submit himself for medical examination *at any time, and from time to time * * * .*' " (Parentheses, brackets, and emphasis sic.) *Clark* at 512, quoting 1953 H.B. No. 1.

4

exercising this statutory power was not unlimited. Thus, we held, "the commission abuses its discretion under former R.C. 4123.53 where the record fails to disclose that additional medical examinations are necessary or of assistance in determining PTD." *Id.* at 513.

{¶ 11} Decisions from the court of appeals offer instances in which the commission acted properly in ordering a claimant to submit to additional medical examinations. For example, in *State ex rel. Giel v. Indus. Comm.*, 10th Dist. Franklin No. 94APD01-96, 1995 WL 258965 (May 2, 1995), the commission had ordered a PTD claimant to undergo a second medical examination because the first examination did not, among other things, reference the AMA guidelines. The claimant then sought a writ of procedendo ordering the commission to forgo scheduling a second medical examination and requiring the commission to proceed with adjudicating the PTD application. The court of appeals denied the writ, observing that "the commission does not abuse its discretion in rejecting a physician's report for noncompliance with [the commission's] guidelines where the noncompliance raises doubt as to reliability of the report or adversely affects the commission's ability to determine the claimant's disability." *Id.* at *1 (collecting cases).

{¶ 12} Another example is *State ex rel. Daniels v. CHS Greystone, Inc.*, 10th Dist. Franklin No. 11AP-394, 2012-Ohio-2268. There, a claimant sought a writ of mandamus to compel the commission to adjudicate her PTD application. During the commission proceedings, the claimant was examined by a commission specialist who rendered an internally inconsistent report. An SHO for the commission later ordered the claimant to submit to a second examination because of the flawed report. *Id.* at ¶ 4. The claimant refused to submit and then sought a writ to compel the commission to adjudicate the application on the basis of the evidence in the record. The court of appeals denied the writ because the SHO's

order explained why the additional examination was necessary and would be helpful to the commission's review. *Id.* at ¶ 6.

{¶ 13} Here, the SHO's interlocutory order observes that Dr. Mease's flawed examination of Mignella precluded an accurate determination of Mignella's PTD application. The SHO thus "referred [Mignella's application] back to the Industrial Commission for further processing * * * by scheduling [Mignella] for a new examination on the issue of permanent total disability." In light of the standards articulated in the above cases, we conclude that the order was proper because it identifies why another examination of Mignella was necessary or would be helpful. And because it was proper for the commission to require Mignella to submit to another examination, it follows that the SHO acted properly in suspending consideration of Mignella's application after she refused to submit to the examination. *See* R.C. 4123.53(C) and Ohio Adm.Code 4121-3-12.

{¶ 14} Under these circumstances, we conclude that the court of appeals properly denied the writ. Mignella has not shown that the commission had a clear legal duty to proceed in adjudicating her application. Nor has she shown a clear legal right to require the commission to proceed. Given that Mignella has not shown a clear legal duty or a clear legal right, we need not address the adequate-remedy question.

{¶ 15} We are unpersuaded by Mignella's arguments that the court of appeals erred by denying her complaint for a writ of procedendo. Mignella would have us reverse the judgment of the court of appeals based on alternative readings of *Clark*, 78 Ohio St.3d 509, 678 N.E.2d 1380, and *Giel*, 1995 WL 258965. She claims that *Clark* stands for the proposition that the commission abuses its discretion when it orders a claimant to submit to an additional examination without first finding that the other evidence in the record is insufficient to adjudicate the claim. But *Clark* did not hold that the commission must eliminate the possibility of making a decision based on other evidence before ordering a second

examination. As for *Giel*, Mignella claims it is distinguishable because the specialist there had not received copies of the examination manuals, whereas in this case, Dr. Mease stated that she was familiar with the AMA guidelines. *Giel* itself refutes that argument: "the real issue in this case is not whether the record establishes that [the specialist] actually received a copy of the memorandum or manual; rather, the issue is whether the commission's stated reasons for rejecting [the specialist's] report were valid." *Id.* at *2.

{¶ 16} Mignella also relies on *State ex rel. Taylor v. Indus. Comm.*, 71 Ohio St.3d 582, 645 N.E.2d 1249 (1995), a case in which we issued a writ of mandamus to compel the award of PTD benefits. Mignella would have us apply *Taylor* to find that notwithstanding Dr. Mease's report, other evidence in the record supports an award of PTD benefits. *Taylor* is distinguishable. First, the issue there was whether "some evidence" supported the commission's denial of PTD benefits. This court discounted one doctor's report that was internally inconsistent and issued a writ ordering an award of PTD benefits based on remaining "overwhelming" medical evidence. *Id.* at 585. Here, in contrast, the commission has not yet ruled on Mignella's application. Second, in *Taylor* we did not address the issue that is critical here, namely, under what circumstances the commission may exercise its authority to order additional medical examinations.

{¶ 17} Mignella next argues that two administrative rules conflict on the issue whether the commission can order a claimant to submit to a second examination when a specialist fails to comply with AMA guidelines. Mignella concedes that the commission may order such an examination under Ohio Adm.Code 4121-3-09(A)(5), which provides that "[t]he commission may, at any point in the processing of an application for benefits, require the injured worker to submit to a physical examination * * * ." But she maintains that this rule is in conflict with Ohio Adm.Code 4121-3-34(A), which states that the "purpose" of Ohio Adm.Code 4121-3-34 "is to ensure that applications for compensation for

[PTD] are processed and adjudicated in a fair and timely manner." Because Ohio Adm.Code 4121-3-34(A) is a specific provision dealing with the adjudication of PTD applications and Ohio Adm.Code 4121-3-09(A)(5) is a general provision dealing with the conduct of hearings, Mignella reasons that under the rules of construction, Ohio Adm.Code 4121-3-34 (the specific provision) prevails over Ohio Adm.Code 4121-3-09(A)(5) (the general provision).

{¶ 18} This court looks to R.C. 1.51 to settle conflicts between administrative regulations. *State ex rel. Parks v. Indus. Comm.*, 85 Ohio St.3d 22, 25, 706 N.E.2d 774 (1999). In the case of a conflict between a specific and a general provision, R.C. 1.51 directs that the two provisions "shall be construed, if possible, so that effect is given to both." If the conflict is irreconcilable, the specific provision prevails over the general "unless the general provision is the later adoption and the manifest intent is that the general provision prevail." *Id.*

{¶ 19} Mignella's specific-versus-general argument fails because she has not identified a conflict, let alone an irreconcilable one, between the two provisions. *See Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 234, 754 N.E.2d 789 (2001). Dispositive here is that Ohio Adm.Code 4121-3-34(A) (which ensures fair and timely adjudication of PTD applications) does not forbid what Ohio Adm.Code 4121-3-09(A)(5) permits (commission may require injured worker to submit to physical examination).

{¶ 20} For her last argument, Mignella claims that any ruling that permits the commission to require a claimant to submit to an additional examination simply because the commission specialist erred would defeat the "fair and timely," Ohio Adm.Code 4121-3-34(A), adjudication of PTD applications. This argument is unconvincing for two reasons. First, Ohio Adm.Code 4121-3-34(A) does not prescribe a timeline for the commission to act. Indeed, the commission is empowered to suspend, and thus delay, an application when the claimant refuses to submit to an examination. *See* R.C. 4123.53(C) and Ohio Adm.Code 4121-3-12.

Second, the delay that Mignella complains of is due in part, if not wholly, to her refusal to submit to the examination.

*Mignella's motion for oral argument*

{¶ 21} Mignella has filed an unopposed motion under S.Ct.Prac.R. 17.02 requesting that the case be set for oral argument. "Granting oral argument in a direct appeal is subject to the court's discretion." *State ex rel. 31, Inc. v. Indus. Comm.*, 152 Ohio St.3d 350, 2017-Ohio-9112, 96 N.E.3d 246, ¶ 16. "In exercising that discretion, we consider 'whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals.' " *State ex rel. BF Goodrich Co., Specialty Chems. Div. v. Indus. Comm.*, 148 Ohio St.3d 212, 2016-Ohio-7988, 69 N.E.3d 728, ¶ 23, quoting *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

{¶ 22} Mignella claims the case is of great public importance because of the large number of workers' compensation claims in which independent medical examinations are ordered, but she provides nothing to quantify this assertion. She also claims that this case presents complex issues of law and policy, but we find the parties' briefs and evidence sufficient to resolve this case. *See State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, 893 N.E.2d 184, ¶ 19. Based on these considerations, we deny the motion.

**CONCLUSION**

{¶ 23} For the foregoing reasons, we deny Mignella's motion for oral argument and affirm the court of appeals' denial of the writ.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Green, Haines, Sgambati Co., L.P.A., Shawn D. Scharf, and Charles W. Oldfield, for appellant.

Dave Yost, Attorney General, and John Smart, Assistant Attorney General, for appellees, Industrial Commission and the Administrator of the Ohio Bureau of Workers' Compensation.

_____