[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hibbler v. O'Neill*, Slip Opinion No. 2020-Ohio-1070.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1070

THE STATE EX REL. HIBBLER, APPELLANT, *v.* O'NEILL, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Hibbler v. O'Neill*, Slip Opinion No. 2020-Ohio-1070.]

*Procedendo—Mootness—Trial court disposed of motions underlying appellant's complaint for writ of procedendo—Court of appeals' judgment dismissing complaint as moot affirmed.*

(No. 2019-1293—Submitted January 28, 2020—Decided March 26, 2020.)

APPEAL from the Court of Appeals for Clark County,

No. 19-CA-0005.

_____

**Per Curiam.**

{¶ 1} Appellant, John T. Hibbler, appeals the judgment of the Second District Court of Appeals dismissing his complaint for writs of mandamus and procedendo against appellee, Clark County Court of Common Pleas Judge Richard

J. O'Neill. We affirm the court of appeals' judgment dismissing Hibbler's claims as moot.

**Background**

{¶ 2} In 2001, in consolidated cases, a Clark County jury found Hibbler guilty of murder with a firearm specification in case No. 2000-CR-0636, and attempted aggravated burglary with a firearm specification and improperly discharging a firearm at or into a habitation in case No. 2001-CR-0081. The court of appeals affirmed Hibbler's convictions and sentence. *State v. Hibbler*, 2d Dist. Clark No. 2001-CA-43, 2002-Ohio-4464, ¶ 34.

{¶ 3} In 2018, Hibbler filed in the trial court under both case numbers a motion to vacate his postrelease control and a motion for a final, appealable order. In November 2018, the trial court issued a judgment entry in case No. 2001-CR-0081 denying the motion for a final, appealable order and granting in part the motion to vacate Hibbler's postrelease control. The judgment entry did not refer to the motions that Hibbler had filed in case No. 2000-CR-0636.

{¶ 4} On January 28, 2019, Hibbler filed in the Second District a complaint for writs of mandamus and procedendo. In the complaint, Hibbler argued that Judge O'Neill had not yet ruled on Hibbler's two motions in case No. 2000-CR-0636 and that Judge O'Neill had a legal duty to grant his motions for a final, appealable order in both cases. Judge O'Neill filed a motion to dismiss pursuant to Civ.R. 12(B)(6), arguing that Hibbler's claims were moot. Attached to Judge O'Neill's motion was a February 20, 2019 nunc pro tunc sentencing entry filed under both case numbers. In that entry, the judge effectively denied Hibbler's motion to vacate his postrelease-control sentence in case No. 2000-CR-0636, determining that postrelease control is inapplicable in that case because Hibbler had been convicted of murder and would be subject to the laws pertaining to parole.

2

{¶ 5} On August 15, 2019, the court of appeals dismissed Hibbler's complaint, determining that Hibbler's claims were moot and that he had an adequate remedy in the ordinary course of the law.

**Legal Analysis**

{¶ 6} Hibbler has not included in his appeal to this court an argument that he is entitled to a writ of mandamus. To be entitled to a writ of procedendo, Hibbler must establish (1) that he has a clear legal right requiring Judge O'Neill to proceed, (2) a clear legal duty on Judge O'Neill's part to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531-532, 705 N.E.2d 1227 (1999).

{¶ 7} Hibbler argues that he is entitled to a writ of procedendo because, in his view, Judge O'Neill has not ruled on the two motions Hibbler filed in case No. 2000-CR-0636. He also contends that Judge O'Neill's failure to rule on those motions violates Sup.R. 40(A)(3) "to [his] prejudice."

{¶ 8} Hibbler's arguments are unavailing. The court of appeals took judicial notice of the fact that the caption of the 2019 nunc pro tunc sentencing entry attached to Judge O'Neill's motion to dismiss lists both underlying criminal-case numbers and that the entry appears on the docket in both cases. In addition, the cases were consolidated and tried together. Therefore, the court of appeals correctly concluded that the 2019 entry disposed of Hibbler's motions in both cases and that his procedendo claims are moot.

{¶ 9} Sup.R. 40(A)(3) provides that trial-court motions shall be ruled on within 120 days of the date of filing. Although the rule does not establish a right to enforce the deadline, it "does guide this court in determining whether a trial court has unduly delayed ruling on a motion for purposes of ruling on a request for an extraordinary writ." *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 11. But the record in this case demonstrates that Judge O'Neill has ruled on Hibbler's motions. Moreover, Hibbler brought a

successful appeal from the nunc pro tunc sentencing entry. *See State v. Hibbler*, 2d Dist. Clark No. 2019-CA-19, 2019-Ohio-3689. Neither procedendo nor mandamus may compel the performance of a duty that has already been performed. *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906 (1990). Accordingly, the court of appeals correctly determined that Hibbler's claims were moot.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

John T. Hibbler, pro se.

Daniel P. Driscoll, Clark County Prosecuting Attorney, and Andrew P. Pickering, Assistant Prosecuting Attorney, for appellee.

_____