[Cite as *State ex rel. Mansfield v. Falkowski*, 2022-Ohio-4163.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO ex rel.
RICHARD H. MANSFIELD,

Relator,

- vs -

JUDGE COLLEEN A.
FALKOWSKI, et al.,

Respondents.

CASE NO. 2022-L-073

Original Action for Procedendo

**P E R   C U R I A M**
**O P I N I O N**

Decided: November 21, 2022
Judgment: Dismissed

*Oliver L. Herthneck*, Perez & Morris, LLC, 1300 East 9th Street, Suite 1600, Cleveland, OH 44144 (For Relator).

*Charles E. Coulson*, Lake County Prosecutor, *Kelly A. Nichols* and *Michael L. DeLeone*, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondents).

PER CURIAM.

{¶1} Respondents, Judge Colleen A. Falkowski and Magistrate Margaret Campbell, move to dismiss the complaint for a writ of procedendo filed by relator, Richard H. Mansfield. We dismiss.

{¶2} This original action stems from a divorce case pending in the Lake County Common Pleas Court, Domestic Relations Division, known as *Cheryll Mansfield v.*

*Richard H. Mansfield*, Case No. 19DR000702, in which relator is the defendant. Judge Falkowski presides over this case, and Magistrate Campbell heard the matter.

{¶3} Mansfield filed his petition for a writ of procedendo alleging that evidentiary hearings were held in this matter on May 25, 2021, September 15, 2021, and December 6, 2021. As of August 8, 2022, when Mansfield filed his complaint for a writ of procedendo, no decision had been issued. Mansfield seeks a writ requiring Magistrate Campbell to expeditiously rule on his pending divorce matter.

{¶4} On September 12, 2022, respondents, with leave of this court, moved to dismiss the petition, maintaining that the magistrate's decision was filed on August 15, 2022. Mansfield has not responded in opposition to the motion.

> "A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment." *State ex rel. Mignella v. Indus. Comm.*, 156 Ohio St.3d 251, 2019-Ohio-463, 125 N.E.3d 844, ¶ 7. * * * The writ does not instruct the lower court as to what the judgment should be; rather, it merely instructs the lower court to issue a judgment. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462, 650 N.E.2d 899 (1995). "A writ of procedendo is appropriate upon a showing of 'a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law.'" *State ex rel. White v. Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 7, quoting *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9.

*State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, ¶ 7.

{¶5} However, "[p]rocedendo will not compel the performance of a duty that has already been performed." *Bechtel* at ¶ 9, citing *State ex rel. Roberts v. Marsh*, 159 Ohio St.3d 457, 2020-Ohio-1540, 151 N.E.3d 625, ¶ 6. "When a relator seeks to compel the issuance of a judgment entry through a writ of procedendo and the judge issues the entry,

2

the procedendo claim is moot." *Bechtel* at ¶ 9, citing *State ex rel. Hibbler v. O'Neill*, 159 Ohio St.3d 566, 2020-Ohio-1070, 152 N.E.3d 265, ¶ 8.

{¶6} Irrespective of whether the respondents were legally required to issue a decision, the magistrate has issued the decision rendering the complaint for procedendo moot. Accordingly, Respondents' motion to dismiss is granted.

THOMAS R. WRIGHT, P.J., MARY JANE TRAPP, J., MATT LYNCH, J., concur.

Case No. 2022-L-073