[Cite as *State ex rel. Jarrells v. Sutula*, 2024-Ohio-451.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, EX REL.,
ROBERT F. JARRELLS,                    :

      Relator,                         :          No. 113522

      v.                              :

HON. KATHLEEN SUTULA,                  :

      Respondent.                     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DENIED
**RELEASED AND JOURNALIZED:** February 7, 2024

---

Writ of Procedendo
Motion No. 571133
Order No. 571897

---

### *Appearances:*

Robert F. Jarrells, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, *for respondent*.

MARY EILEEN KILBANE, J.:

{¶ 1} Relator, Robert F. Jarrells, seeks a writ of procedendo[1] directing

---

[1] The caption of the complaint states that this is an original action for a writ of procedendo. However, in the body of the complaint, relator references both mandamus

respondent, Judge Kathleen Sutula, to rule on motions he filed in two underlying criminal cases over which respondent presides. Respondent has journalized entries denying relator's motions, rendering the claim for relief in this action moot. Accordingly, respondent's motion for summary judgment is granted and relator's request for writ of procedendo is denied.

## I. Factual and Procedural Background

{¶ 2} On December 28, 2023, relator filed the instant complaint for a writ of procedendo. There, he alleged that he was the defendant in two criminal cases, *State v. Jarrells*, Cuyahoga C.P. No. CR-20-652726 and *State v. Jarrells*, Cuyahoga C.P. No. CR-21-656643. He further alleged that respondent presided over both cases. Relator asserted that he filed pro se motions styled "motion for void of judgment" in these underlying cases, arguing that the sentences he received exceeded the statutory sentencing guidelines and were therefore void. At the time the complaint was filed, no ruling on these motions had been journalized by respondent. Relator's complaint requested a writ of procedendo ordering respondent to rule on the pending motions.

{¶ 3} To ensure the timely resolution of this matter, on December 29, 2023, this court issued a briefing order directing respondent to file a dispositive motion,

---

and procedendo. Because procedendo is the more applicable writ to specifically move a court to proceed to judgment, we will analyze relator's claim under the standard for procedendo. *See State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E.2d 332 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110, 637 N.E.2d 319 (1994).

and answer where appropriate, on or before January 16, 2024. This court gave relator until January 30, 2024, to file a brief in opposition to respondent's filing.

{¶ 4} On January 11, 2024, respondent filed a motion for summary judgment. There, respondent alleged that in each underlying case, entries denying relator's "motions for void of judgment" were journalized on January 10, 2024. Respondent argued that the request for writ of procedendo was now moot. Respondent also argued that relator failed to include an affidavit of prior civil actions required by R.C. 2969.25(A). Relator did not file any timely opposition to respondent's motion for summary judgment.

## II. Law and Analysis

### A. Standards Applicable to this Action

{¶ 5} A writ of procedendo is an order to proceed to judgment from a superior court to an inferior court that has either refused to render judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Doe v. Gallia Cty. Common Pleas Court*, 153 Ohio St.3d 623, 2018-Ohio-2168, 109 N.E.3d 1222, ¶ 14, quoting *State ex rel. R.W. Sidley, Inc. v. Crawford*, 100 Ohio St.3d 113, 2003-Ohio-5101, 796 N.E.2d 929, ¶ 16, quoting *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). To succeed a relator must demonstrate by clear and convincing evidence ""a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate remedy in the ordinary course of the law."" *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 7, quoting *State ex rel. White v.*

*Woods*, 156 Ohio St.3d 562, 2019-Ohio-1893, 130 N.E.3d 271, ¶ 7, quoting *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014-Ohio-4512, 21 N.E.3d 303, ¶ 9.

{¶ 6} However, procedendo may not be used to control judicial discretion. A court may only order a respondent to proceed to judgment; it may not dictate what that decision will be. *State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, 885 N.E.2d 220, ¶ 7, quoting *State ex rel. Tenace v. Court of Claims*, 94 Ohio St.3d 319, 322, 762 N.E.2d (2002). Procedendo may also not be used to compel a judge to perform an act that has already happened. *Id*. at ¶ 6, quoting *State ex rel. Howard v. Doneghy*, 102 Ohio St.3d 355, 2004-Ohio-3207, 810 N.E.2d 958, ¶ 6, quoting *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318, 725 N.E.2d 663 (2000). When a respondent proceeds to judgment during the pendency of an original action for writ of procedendo, the action becomes moot because the relator has received all the relief to which they are entitled. *Bechtel* at ¶ 9, citing *State ex rel. Hibbler v. O'Neill*, 159 Ohio St.3d 566, 2020-Ohio-1070, 152 N.E.3d 265, ¶ 8.

{¶ 7} The matter is before this court on summary judgment. Pursuant to Civ.R. 56(C):

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for

summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**B. The Request for Procedendo is Moot**

{¶ 8} Relator requests this court to direct respondent to rule on motions in two underlying cases. Respondent has entered judgments denying relator's motions that sought to vacate his sentences in these two underlying cases. Respondent attached certified copies of these entries to the motion for summary judgment. These entries were further authenticated by an affidavit and constitute allowed evidence under Civ.R. 56(C). According to these certified entries, relator has received all the relief to which he is entitled in this action. Relator's request for a writ of procedendo is, therefore, moot.

{¶ 9} Respondent has conclusively demonstrated that the present action is moot. There is no genuine issue of material fact remaining and respondent is entitled to judgment as a matter of law.

{¶ 10} Respondent's motion for summary judgment is granted. Relator's claim for a writ of procedendo is denied as moot. Costs to respondent; costs waived. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 11} Writ denied.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN A. GALLAGHER, J., CONCUR